1  Mark E. Merin (State Bar No. 043849)
   Joshua Kaizuka (State Bar No. 212195)
2  LAW OFFICES OF MARK E. MERIN
   2001 P Street, Suite 100
3  Sacramento, California 95814
   Telephone:  (916) 443-6911
4  Facsimile:  (916) 447-8336
   E-Mail: mark@markmerin.com
5
6  Andrew C. Schwartz (State Bar No. 064578)
   CASPER, MEADOWS, SCHWARTZ & COOK
   A Professional Corporation
7  California Plaza
   2121 North California Blvd., Suite 1020
8  Walnut Creek, California 94596
   Telephone:  (925) 947-1147
9  Facsimile:  (925) 947-1131
   E-Mail: Schwartz@cmslaw.com
10
11 Karen L. Snell (State Bar No. 100266)
   Attorney at Law
   102 Buena Vista Terrace
12 San Francisco, CA 94117
   Telephone: (415) 225-7592
13 Facsimile: (415) 487-0748
   E-Mail: ksnell@clarencedyer.com
14
   Attorneys for Plaintiff
15

16                    IN THE UNITED STATES DISTRICT COURT

17                       NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  KEVIN M. SCHILLING, on behalf of himself and all those similarly situated, | Case No. |
| 20              Plaintiffs, | |
| 21  vs. | **CLASS ACTION COMPLAINT** |
| 22  TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN, and DOES 1 through 100, | DEMAND FOR JURY TRIAL |
| 23 | |
| 24              Defendants. | |

25

26 PLAINTIFF COMES BEFORE THIS HONORABLE COURT AND ALLEGES:

27 \ \ \

28 \ \ \

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT                                     Page 1

# INTRODUCTION

1. This is an action for declaratory and injunctive relief, damages, and punitive damages against TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN and DOES 1 THROUGH 100 (persons sued herein by their fictitious names) for violations of plaintiff's constitutional rights and those of other similarly situated persons.

2. In this complaint, plaintiff alleges that TRANSCOR AMERICA, LLC's official policy, practice, or custom of transporting pretrial detainees and prisoners in conditions that amount to cruel and unusual punishment violated and violates the rights of plaintiff, and each of those persons similarly situated, secured by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution and entitles plaintiff, and each of those similarly situated, to recover damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988).  TRANSCOR AMERICA, LLC's policies, practices or customs include but are not limited to transporting pretrial detainees and prisoners in small metal cages in which a person can neither stand up nor lie down for more than 24 hours at a time while the person is handcuffed, chained, and in shackles, and failing to provide pretrial detainees and prisoners with adequate food, fluids, exercise, hygiene, and medical care.

3. Because TRANSCOR AMERICA, LLC's official policy, practice, or custom is to transport pretrial detainees and prisoners in conditions that amount to unlawful detention, excessive force, and cruel and unusual punishment, there is a likelihood of future injuries to pretrial detainees and prisoners including members of the plaintiff class.  Accordingly, plaintiff seeks an order declaring unlawful TRANSCOR AMERICA, LLC's policy, practice or custom of transporting pretrial detainees under the conditions described above and enjoining TRANSCOR AMERICA, LLC from engaging in this conduct in the future.

4. Plaintiff includes claims for damages and attorneys' fees under California state law against TRANSCOR AMERICA, LLC for violation of the Unruh Civil Rights Act (California Civil Code § 52.1(b)) pursuant to which plaintiff is, and each of those persons similarly situated in the subclass of pretrial detainees and prisoners

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

transported by defendants in California is, entitled to recover a minimum of $4,000 for each violation of rights secured to them by the constitution or laws of the state of California and the constitution or laws of the United States and attorneys' fees (California Civil Code § 52.1(h)).

5. Plaintiff includes claims for damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988) against all defendants for their violation of his Fourth and Fourteenth Amendment right to be free from the use of excessive force, and the right to be provided with adequate medical care.

6. Finally, plaintiff includes a claim for damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988) against TRANSCOR AMERICA, LLC and DOES 1-10 for its failure to adequately supervise SGT. SMITH, OFFICER BLANDEN, and DOES 11 through 100.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

7. The court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367(a).

8. The amount in controversy exceeds $10,000, excluding interest and costs.

## PARTIES

9. Plaintiff KEVIN M. SCHILLING is a resident of Vallejo, California. Like all those similarly situated, plaintiff is and at all material times herein was a citizen of the United States who was arrested in one jurisdiction for an offense allegedly committed in another jurisdiction and was transported from one detention facility to another detention facility by defendants.

10. Defendant TRANSCOR AMERICA, LLC is and at all material times referred to herein was a for-profit Tennessee corporation licensed to do business in

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*  Page 3
CLASS ACTION COMPLAINT

California whose business entails the transportation of pretrial detainees and prisoners throughout the United States on behalf of federal, state, and local governments.

11. Defendant SGT. JOHN SMITH is an agent and/or employee of defendant TRANSCOR AMERICA, LLC.

12. Defendant OFFICER BLANDEN is an agent and/or employee of Defendant TRANSCOR AMERICA, LLC.

13. Plaintiff is informed and believes and thereon alleges that defendants sued herein by their fictitious names, DOES 1 through 100, are agents and/or employees of defendant TRANSCOR AMERICA, LLC. Plaintiff is not currently aware of the true names and identities of those sued herein as DOES 1 through 100, but will amend his complaint to include such persons' real names once said names are made available to him.

14. At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States and its States, including but not limited to the State of California.

15. Class action plaintiffs are all those similarly situated pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, within the two years preceding the filing of this Complaint and the date this matter is resolved.

16. For purposes of the California Unruh Act Claim, class action plaintiffs are all those similarly situated pretrial detainees and prisoners who were transported in the State of California by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, within the two years preceding the filing of this Complaint and the date this matter is resolved.

## FACTS

18. In or about early September, 2006, plaintiff KEVIN M. SCHILLING was arrested at his home in Vallejo, California on a no-bail warrant issued by a court in Las Vegas, Nevada. Plaintiff was booked into a detention facility in Fairfield, California,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*  Page 4
CLASS ACTION COMPLAINT

where he remained for several days.

19. On or about September 22, 2006, plaintiff was picked up at the Fairfield Detention facility by agents and/or employees of defendant TRANSCOR AMERICA, LLC. Before boarding the transport van, plaintiff was strip searched. He was then handcuffed, a restraint was applied that secured his hands to his waist, and he was shackled. After boarding the transport van, plaintiff was seated on a metal bench in a small, locked metal cage in which it was impossible for him to stand up or lie down.

20. For the next several days, plaintiff remained in the transport van, restrained as described above, while the van meandered around California -- from Fairfield through counties within the Northern District of the United States District Court, to Fresno and then back, once again through counties within the Northern District of the United States District Court, to Fairfield – picking up and dropping off pretrial detainees and/or prisoners.

21. During his time in the transport van, plaintiff was provided with only two meals a day, which consisted of a fast food sandwich or hamburger and a cup of water. Plaintiff was not permitted to lie down or stand up or shower or shave or brush his teeth or change his clothes. He was forced to use the on-board toilet at the defendants' convenience. Eventually, it backed up and smelled bad. But for the steps from his cage to the toilet and back, he was allowed no physical activity.

22. When, after approximately four days of traveling in these conditions, plaintiff realized that the TRANSCOR AMERICA, LLC transport van was headed back to Fairfield, he demanded to talk to the warden. In response, and while he was still detained as described above, defendants SGT. JOHN SMITH and OFFICER BLANDEN grabbed him and sprayed pepper spray in his face. While plaintiff was still unable to see, SGT. JOHN SMITH purposely walked him into poles and, along with an unknown TRANSCOR AMERICA, LLC employee, proceeded to punch him. Although this occurred at approximately 3:00 a.m. outside the Fresno County Jail, plaintiff was not allowed to shower or change clothes or see a nurse or a doctor until approximately two days later when, after making numerous stops along the way, the transport van reached Imperial County Jail.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*   Page 5
CLASS ACTION COMPLAINT

23. Plaintiff remained in the Imperial County Jail for approximately three days, after which time he was transported to Las Vegas.

24. Defendants TRANSCOR AMERICA, LLC and SGT. SMITH and OFFICER BLANDEN and DOES 1 through 100 are jointly and severally personally responsible for the unlawful conduct of which plaintiff complains.

25. As a result of being subjected to the harsh transportation policies, practices, or customs described herein, plaintiff, and all those similarly situated, have suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and federal and state statutory and constitutional rights, and are entitled to recover damages according to proof, including exemplary damages.

## CLASS CLAIMS

26. The unlawful detention and transportation, use of excessive force, and cruel and unusual punishment to which plaintiff and all those similarly situated were subjected was performed pursuant to policies, practices, or customs of TRANSCOR AMERICA, LLC and DOES 1-10.  The unlawful detention and transportation, use of excessive force, and cruel and unusual punishment complained of herein was engaged in without regard to the nature of the alleged offense for which plaintiff, and each of those similarly situated, had been arrested, without regard to whether or not plaintiff, and each of those similarly situated, had been convicted of any crime, and without regard to whether plaintiff, and each of those similarly situated, had any history of violence.

27. Plaintiff brings this action on his own behalf and on behalf of all persons similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure.

28. The class is defined to include all pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, from two years preceding the filing of this Complaint to the date this matter is resolved.

29. The subclass for purposes of the Unruh Act claims is all pretrial detainees and prisoners transported in California by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*  Page 6
CLASS ACTION COMPLAINT

hours, from two years preceding the filing of this Compliant to the date this matter is resolved.

30. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiff does not know the exact number of class members. Plaintiff is informed and believes, and thereupon alleges, that more than 30,000 persons per year are transported by defendants, and that most of the trips last more than 24 hours. Plaintiff is informed and believes, and therefore alleges, that there are thousands of persons in the proposed class.

31. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many facts common to the class including but not limited to: (a) whether defendants have a policy, practice, or custom of transporting pretrial detainees and prisoners in small metal cages, wearing handcuffs, shackles, and wrist restraints, for more than 24 hours at a time; (b) whether defendants have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate food; (c) whether defendants have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate fluids; (d) whether defendants have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate hygiene; (e) whether defendants have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate exercise; and (f) whether defendants have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate medical care.

32. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of law common to the class including but are not limited to: (a) whether transporting pretrial detainees and prisoners in metal cages, wearing handcuffs, shackles, and wrist restraints, unable to lie down or stand up for more than 24 hours at a time, violates the Fourth, Eighth, and Fourteenth Amendments; (b) whether defendants' policy, practice or custom of providing pretrial detainees and prisoners with inadequate food violates pretrial detainees' right to be free from unreasonable seizure and detention and

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*     Page 7
CLASS ACTION COMPLAINT

prisoners' right to be free from cruel and unusual punishment; (c) whether defendants' policy, practice or custom of providing pretrial detainees and prisoners with inadequate fluids violates pretrial detainees' right to be free from unreasonable seizure and detention and prisoners' right to be free from cruel and unusual punishment; (d) whether defendants' policy, practice or custom of providing pretrial detainees and prisoners with inadequate hygiene violates pretrial detainees' right to be free from unreasonable seizure and detention and prisoners' right to be free from cruel and unusual punishment; (e) whether defendants' policy, practice or custom of providing pretrial detainees with inadequate exercise violates pretrial detainees' right to be free from unreasonable seizure and detention; and (f) whether defendants' policy, practice or custom of providing pretrial detainees and prisoners with inadequate medical care violates pretrial detainees' right to be free from unreasonable seizure and detention and prisoners' right to be free from cruel and unusual punishment.

33. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiff are typical of the class. Representative plaintiff has the same interests and suffered the same type of injuries as all of the class members. Plaintiff's claims arose because of defendants' official policy, practice, or custom of subjecting detainees to unlawful transportation and detention, excessive force, and cruel and unusual punishment. Plaintiff's claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being transported under the conditions imposed by TRANSCOR AMERICA, LLC.

34. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiff will fairly and adequately protect the class interests. Plaintiff's interests are consistent with and not antagonistic to the interests of the class.

35. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.* Page 8
CLASS ACTION COMPLAINT

36. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

37. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is informed and believes, and thereupon alleges, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

38. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiff is informed and believes, and thereupon alleges, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiff is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes, and thereupon alleges, that most members of the class will not be able to find counsel to represent them. Plaintiff is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

39. Plaintiff does not know the identities of all of the class members. Plaintiff is informed and believes, and thereupon alleges, that the identities of the class members may be ascertained from records maintained by defendant TRANSCOR AMERICA, LLC. Plaintiff is informed and believes, and thereupon alleges, that records maintained by defendants reflect who was subjected to transportation, from where to where, when, and for how long. Plaintiff is informed and believes, and thereupon alleges, that all of the foregoing information is contained in defendants' records and that the information necessary to identify the class members, by last known

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.* Page 9
CLASS ACTION COMPLAINT

addresses, and the dates, pick-up and drop-off points, and duration of their transportation, is readily available from said records.

40. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiff is informed and believes, and thereupon alleges, that defendants' computer records contain a last known address for class members. Plaintiff contemplates that individual notice will be given to class members at such last known address by first class mail. Plaintiff contemplates that the notice will inform class members of the following:

   i. The pendency of the class action and the issues common to the class;
   ii. The nature of the action;
   iii. Their right to "opt out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;
   iv. Their right, if they do not "opt out," to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiff(s) and their counsel; and
   v. Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

FIRST CLAIM FOR RELIEF

(Violation Of Fourth, Eighth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiff And All Persons Similarly Situated Against Defendants TRANSCOR AMERICA, LLC And DOES 1 through 100, And Each Of Them)

41. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Page 10

42. Defendants' policies, practices, or customs regarding the transportation of pretrial detainees and prisoners violated the rights of plaintiff, and the rights of each of those similarly situated, under the Fourth and Eighth Amendments to be free from unlawful detention, the use of excessive force, and cruel and unusual punishment, and violated the rights of plaintiff, and the rights of each of those similarly situated, under the Fourteenth Amendment to due process and privacy, and directly and proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling plaintiff, and each of those similarly situated, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff, on behalf of himself and on behalf of all those similarly situated, prays for relief as hereunder appears.

## SECOND CLAIM FOR RELIEF

(Violation Of The California State Unruh Civil Rights Act, Civil Code Section 52.1, On Behalf Of Plaintiff And All Persons Similarly Situated And Against All Defendants, And Each Of Them)

43. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

44. By subjecting plaintiff, and all those similarly situated, to unlawful seizure and detention, the use of excessive force, and cruel and unusual punishment, defendants, and each of them, have interfered by threats, intimidation, or coercion with plaintiff's rights, and the rights of all those similarly situated, secured by the Constitution of the United States and the rights secured by the Constitution of California.

45. Plaintiff, and each of the persons plaintiff seeks to represent, was harmed by defendants' interference with their aforementioned constitutional and statutory rights.

46. By using threats, intimidation and coercion to interfere with plaintiff's, and each of the persons' plaintiff seeks to represent, aforementioned constitutional and statutory rights, defendants, and each of them, have violated California Civil Code §

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

52.1.

47. Defendants' violations of California Civil Code § 52.1 makes them liable to each plaintiff for damages up to a maximum of three times the amount of each plaintiff's actual damages, but in no event less than four thousand dollars ($4,000), together with any attorney's fees and costs that may be determined by the court.

WHEREFORE, plaintiff, on behalf of himself and on behalf of all those similarly situated, prays for relief as hereunder appears.

### THIRD CLAIM FOR RELIEF

(Violation Of Fourth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiff Against All Defendants, And Each Of Them)

48. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

49. Defendants TRANSCOR AMERICA, LLC, SGT. SMITH, OFFICER BLANDEN, and DOES 1 through 100 acted under color of law in detaining and transporting plaintiff in conditions that amounted to punishment, subjecting plaintiff to excessive force, and depriving plaintiff of adequate food, fluids, hygiene, exercise and medical care, thereby violating plaintiff's rights under the Fourth and Fourteenth Amendments, and directly and proximately injuring plaintiff, as herein alleged, entitling plaintiff to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

50. As a proximate result of the conduct of defendants, plaintiff suffered physical pain and emotional distress and incurred general damages for the deprivation of his constitutional rights.

51. Defendants acted in reckless and callous disregard for the constitutional rights of plaintiff, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against the individual Defendants.

WHEREFORE, plaintiff prays for relief as hereunder appears.

### FOURTH CLAIM FOR RELIEF

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*   Page 12
CLASS ACTION COMPLAINT

(Violation Of Fourth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiff Against Defendants TRANSCOR AMERICA, LLC And DOES 1 through 10, And Each Of Them, For Failure To Supervise)

52.  Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.  Plaintiff is informed and believes that defendants TRANSCOR AMERICA, LLC and DOES 1 through 10 participated in the violation of plaintiff's rights by failing to provide adequate training, supervision, discipline, and control of their agents and employees, including defendants SGT. SMITH and OFFICER BLANDEN, with respect to the constitutional prohibition against unreasonable searches and seizures and the appropriate use of force and by ratifying the conduct of the Defendants described in this complaint, thereby acquiescing in the deprivation of plaintiff's rights.

WHEREFORE, plaintiff prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and on behalf of all those similarly situated, seeks judgment as follows:

1.  For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policy, practice, or custom of transporting pretrial detainees and prisoners under the conditions described herein;

2.  Certification of the action as a class action;

3.  For compensatory, general, and special damages for each representative and for each member of the class of plaintiffs, as against all defendants;

4.  Exemplary damages as against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

5.  Attorneys' fees and costs under 42 U.S.C. § 1988, and California Civil Code §§ 52 et seq.; and,

6.  The cost of this suit and such other relief as the court finds just

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Page 13

and proper.

## DEMAND FOR A JURY TRIAL

1. Pursuant to F.R.Civ.P. 38(b), a jury trial is hereby demanded.

DATED: February 14, 2008

Respectfully submitted,

---

Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Page 14