Justus C. Spillner, # 067638
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendants
TRANSCOR AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. SCHILLING, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN, and DOES 1 through 100,<br><br>Defendants. | Case No. 3:08-cv-00941 JL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRANSCOR AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. RULE 12(e)**<br><br>Date:  April 16, 2008<br>Time:  9:30 a.m.<br>Courtroom: F |

COMES NOW defendant TRANSCOR AMERICA, LLC (hereinafter "TRANSCOR")[1] with this Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Class Action Complaint for lack of standing and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure, and its Motion For More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

///

---

[1] While Plaintiff also names "SGT. JOHN SMITH" and "OFFICER BLANDEN" as Defendants, those parties have not yet been served with the Complaint. Accordingly, "SGT. JOHN SMITH" and "OFFICER BLANDEN" have not appeared in this action. The instant motions are brought on behalf of TRANSCOR AMERICA, LLC only, and shall not constitute an appearance of any of the unserved parties.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

# I.
# RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2008, Plaintiff KEVIN M. SCHILLING (hereinafter "Plaintiff") filed his "Class Action Complaint" alleging various civil rights violations pursuant to 42 U.S.C. §§ 1983 and 1988, and further asserting state law claims under California's Unruh Civil Rights Act. Plaintiff also contends that he is entitled to bring his lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure based on the argument that his claims are purportedly representative of similarly situated "pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, from two years preceding the filing of [his] Complaint to the date the matter is resolved."

The underlying factual allegations upon which Plaintiff's claims are based are said to have occurred sometime during the final week of September 2006 in various locations throughout the State of California. Plaintiff claims that his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution were violated as a result of certain "policies, practices and customs" of Defendant TRANSCOR as well as through the individual actions of TRANSCOR'S agents/employees. The allegations contained in the Complaint strongly imply that Plaintiff's legal status at the time of these alleged constitutional violations was that of a "pretrial detainee" awaiting adjudication of criminal charges. Plaintiff is seeking declaratory and injunctive relief, compensatory and punitive damages, and an award of attorney's fees and costs.

# II.
# AUTHORITY FOR MOTION

**A.    Motion To Dismiss For Failure To State A Claim**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *DeLaCruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating a motion to dismiss, the complaint is viewed in the light most favorable to the plaintiff and the court must presume all

factual allegations to be true. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A dismissal may be based on lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Dismissal should be entered when it "appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims." *Rae v. Union Bank*, 725 F.2d 478, 479 (9th Cir. 1984).

B.  **Motion To Dismiss For Lack of Standing**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III [of the U.S. Constitution], they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

C.  **Motion For More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. Proc. 12(e). A Rule 12(e) motion is appropriate if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *See Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

"Even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

///

///

///

3

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

# III.
# LAW AND ARGUMENT

**A.   Class Certification is Entirely Improper In This Case and Plaintiff Lacks Standing to Litigate His Federal Claims On Behalf Of The Class Defined In His Complaint**

"At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(a). The issue of class certification is normally decided after the filing of a noticed motion by the party seeking certification pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. This is because the proponent for such certification bears "the burden of demonstrating that all the prerequisites for class designation are met." *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D. Cal. 2004), (citing *In re N. Dist. of Cal. Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 854 (9th Cir. 1982)). However, courts are permitted to rule on a motion to dismiss a class action complaint prior to actual certification of the proposed class. *See Wright v. Schock*, 742 F.2d 541, 543-544 (9th Cir. 1984).

In the present matter, Plaintiff has not yet moved for certification of the proposed class identified in his complaint. Nevertheless, the legal deficiencies of Plaintiff's claims are intertwined with the arguments which weigh strongly against, and indeed preclude, class certification. Therefore, while Defendant reserves the right to set forth additional arguments in opposition to any forthcoming Rule 23 motion for class certification made by Plaintiff, many of the fundamental obstacles which preclude such certification are discussed below.

  1.   Applicable Law Pertaining To Class Action Lawsuits and Claims Brought Under 42 U.S.C. §1983

Section 1983 of title 42 of the U.S. Code provides grounds for a cause of action based upon the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. §1983. Thus, to prevail on any claim brought under Section 1983, a plaintiff must allege and prove the violation of a constitutional right and must show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

1  Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure, and a class
2  may only be certified "if the trial court is satisfied after a rigorous analysis that the prerequisites
3  of Rule 23(a) have been satisfied." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147,
4  161 (1982). The burden is on the plaintiff seeking certification to make a prima facie showing
5  that each of the prerequisites set forth in Rule 23(a) have been satisfied, i.e., (1) numerosity of
6  plaintiffs; (2) that common questions of law or fact predominate; (3) that the named plaintiff's
7  claims and defenses are typical of those of the class; and (4) that the named plaintiff can
8  adequately protect the interests of the class. Fed. R. Civ. P.23(a); *Hanon v. Dataproducts Corp.*,
9  976 F.2d 497, 508 (9th Cir. 1992).

10  The named plaintiff in a class action suit must have standing at the time when the class is
11  certified. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). "That a suit may be a class action adds
12  nothing to the question of standing, for even named plaintiffs who represent a class 'must allege
13  and show that they personally have been injured, not that injury has been suffered by other,
14  unidentified members of the class to which they belong and which they purport to represent." *L.
15  Tarango Trucking v. County of Contra Costa*, 181 F. Supp. 2d 1017, 1037 (N.D. Cal. 2001)
16  (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). For purposes of a motion to dismiss, if a
17  class has not yet been certified, the court must review the standing of the named plaintiff alone
18  and not the purported class as a whole. *See Nelson v. King County*, 895 F.2d 1248, 1250 (9th Cir.
19  1990).

20      2.    <u>Plaintiff Cannot Be Deemed A Member of the Entire Class Which He Purports To Represent</u>
21

22  In a class action lawsuit, the named plaintiff "must be part of the class and possess the
23  same interest and suffer the same injury as the class members. *General Tel. Co. of the Southwest
24  v. Falcon*, 457 U.S. 147, 161 (1982). In the present case, Plaintiff SCHILLING has defined the
25  purported class as "similarly situated pretrial detainees and prisoners who were transported by
26  TRANSCOR AMERICA, LLC…" (See Complaint at ¶15, ¶28.) However, this creates an
27  obvious paradox due to the fact that Plaintiff must necessarily be either (1) a pretrial detainee or
28  (2) a convicted prisoner. Plaintiff SCHILLING has neither alleged nor attempted to explain how

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

he can possibly be a member of both distinct groups at the same time. Therefore, Plaintiff cannot have standing to litigate the claims set forth in his Complaint on behalf of the entire class which has been defined as "pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC…"

   3. <u>Plaintiff Does Not Have Standing To Asserts His Claim For Violations of the Eighth Amendment of the U.S. Constitution on Behalf of the Class Which He Has Defined In His Complaint.</u>

  "A named plaintiff cannot represent a class alleging constitutional claims that the named plaintiff does not have standing to raise." *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). Plaintiff SCHILLING'S Section 1983 class claims are based in part on alleged violations of the Eighth Amendment. Again, the class of persons of whom Plaintiff supposedly represents are "similarly situated pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC…" (See Complaint at ¶15, ¶28.) However, it is well established under controlling Ninth Circuit precedent that "the Eighth Amendment's prohibition against malicious or sadistic use of force does not apply until after conviction and sentence." *Pierce v. Multnomah County*, 76 F.3d 1032, 1038 (9th Cir. 1996). The United States Supreme Court has also recognized the correctness of this principle. *See Graham v. Connor*, 490 U.S. 386 392 n.6 (1989) ("The Eighth Amendment's protections [do not] attach until after conviction and sentence.").

  Put differently, an Eighth Amendment claim "is reserved for 'those convicted of crimes' and therefore would not apply to pre-trial detainees." *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). Unfortunately, Plaintiff SCHILLING fails to actually identify his legal status in his Complaint, i.e., it is unknown whether his legal status is that of a pre-trial detainee or a convicted prisoner. However, SCHILLING strongly implies that he was a pre-trial detainee at the time he suffered his alleged injuries. As such, Plaintiff clearly lacks standing to assert any Eighth Amendment claims on behalf of himself and/or the other unnamed pretrial detainees included in the class of individuals whose interests he supposedly represents. All of Plaintiff's class claims for violations of the Eighth Amendment must be dismissed accordingly.

///

4. <u>Plaintiff Does Not Have Standing To Asserts His Claim For Violations of the Fourth Amendment of the U.S. Constitution on Behalf of the Class Which He Has Defined In His Complaint</u>

The protections of the Fourth Amendment apply "only to those not yet convicted" and therefore convicted prisoners do not have standing to assert claims based upon alleged Fourth Amendment violations. *Hawkins v. Comparet-Cassani*, *supra*, 251 F.3d at 1238 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Again, even if Plaintiff SCHILLING is deemed a pretrial detainee for purposes of this motion, he cannot assert claims under the Fourth Amendment on behalf of the convicted prisoners included in his definition of the class which he wishes to represent. This also shows that Plaintiff's claims are not "typical" of all of the class members, and the allegations in the complaint thus fail to satisfy the 'typicality' requirement of Rule 23. Fed R. Civ. P. Rule 23(a).) All of Plaintiff's class claims for violation of the Fourth Amendment should therefore be dismissed.

5. <u>Plaintiff Lacks Standing To Seek Declaratory and Injunctive Relief</u>

To have standing to seek injunctive relief on behalf of a class, a named plaintiff must have suffered harm constituting an "actual injury." *Armstrong v. Davis*, 275 F.3d 849, 860-861 (9th Cir. 2001). Additionally, a class representative plaintiff "must demonstrate that he is realistically threatened by a repetition of the violation." *Id.* "On a motion to dismiss for lack of standing, or failure to meet the imminent and irreparable injury requirement for seeking injunctive relief, the trial court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Stevens v. Harper*, 213 F.R.D. 358, 366 (E.D. Cal. 2002). Still, courts are not obliged to accept allegations of future injury which are overly generalized, conclusory, or speculative. (*Id.*)

The basic prerequisites for equitable relief are the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). To establish standing to seek declaratory and/or injunctive relief, the plaintiff must allege specific facts which show "a very significant possibility of future harm." *Bras v. Cal. Pub. Utils. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995). It is insufficient to merely show the existence of a past injury. *Id.*; *City of Los Angeles v. Lyons*, *supra,* 461 U.S. at 102 ["past

1  exposure to illegal conduct does not in itself show a present case or controversy regarding
2  injunctive relief if unaccompanied by any continuing, present adverse effects."].  In the context of
3  being taken into custody for the commission of a crime, the prospect of future injury essentially
4  rests on the likelihood that a plaintiff will again be arrested for and charged with a crime, and will
5  again be subjected to the same constitutional violations which he suffered previously. *See City of*
6  *Los Angeles v. Lyons*, *supra,* 461 U.S. at 102-103.

7  Applying the analysis used by the Supreme Court in *City of Los Angeles v. Lyons*,
8  Plaintiff SCHILLING lacks standing to assert his claims for declaratory and/or injunctive relief.
9  Based on his allegations of constitutional violations in this case, Plaintiff would need to show that
10 (1) he is likely to be arrested again and transported by Transcor while he is a pre-trial detainee,
11 (Complaint at ¶2, ¶3), and (2) that he will be kept in a small metal cage for more than 24 hours at
12 a time without being able to stand up or lie down (*Id.*), that TRANSCOR employees will fail to
13 provide him with adequate food and fluids, deprive him of his basic hygienic needs, and also
14 deprive him of necessary medical care. (*Id.*)  Moreover, Plaintiff will also need to show that all of
15 the class members which he represents also face a likely prospect of suffering from the exact
16 same injuries in the future.  This is an insurmountable procedural obstacle and Plaintiff has
17 therefore failed to satisfy the standing requirements to assert his claims for declaratory and
18 injunctive relief.  Dismissal of those claims is therefore appropriate.

19 **B.    Plaintiff Has Failed To State A Legally Cognizable Claim For A Violation Of California's Unruh Civil Rights Act.**
20

21 Plaintiff's Complaint repeatedly asserts that the alleged actions of Defendants constitute
22 violations of California's Unruh Civil Rights Act.  Confusingly, Plaintiff uses the term "Unruh
23 Civil Rights Act" interchangeably with references to California Civil Code section 52.1(b).  In
24 reality, the "Unruh Civil Rights Act" is codified at sections 51 through 51.3 of the California
25 Civil Code and specifically pertains to protection of citizens against discrimination at business
26 establishments within the State of California.  Cal. Civ Code §§ 51-51.3; *Goldman v. Standard*
27 *Ins. Co.*, 341 F.3d 1023, 1026-1028 (9th Cir. 2003).  In contrast, Section 52.1 of the California
28 Civil Code is part of the entirely separate "Tom Bane Civil Rights Act." *Stamps v. Super. Ct. of*

*L.A.*, 136 Cal.App.4th 1441, 1447-1450 (2006).

Pertinent provisions of the Unruh Act are reproduced below:

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b).

Although the Unruh Civil Rights Act is applicable to an expansive class of persons, "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act. A disparate impact analysis or test does not apply to Unruh Act claims." *Harris v. Capital Growth Investors XIV,* 52 Cal.3d 1142, 1175 (1991); *see also, Gunther v. Lin,* 144 Cal.App.4th 223, 227 (2006). Here, Plaintiff has failed to allege that he or the class which he purportedly represents were subject to intentional discrimination in public accommodations at a California business establishment. Clearly, a van which exclusively transports prisoners and pre-trial detainees is not a "business establishment" nor do the Defendants offer any type of "public accommodations" with such vehicles. Accordingly, Plaintiff's claims under California's Unruh Civil Rights Act must be dismissed.

**C.    Defendants Are Entitled To A More Definite Statement Regarding The Basis For Plaintiff's State Law Claims**

As discussed above, Plaintiff's Complaint repeatedly contends that his state law claims are based upon alleged violations of California's Unruh Civil Rights Act. However, Plaintiff also makes references to California Civil Code section 52.1 and in some instances strongly suggests that Section 52.1 and the Unruh Act are one and the same. (See, e.g., Complaint at ¶4.) In reality, Section 52.1 and the Unruh Act are entirely separate and distinct from one another. "By its own terms, the Unruh Civil Rights Act comprises *only* [Civil Code] section 51. *Stamps v. Super. Ct. of L.A.*, 136 Cal.App.4th 1441, 1447-1450 (2006) (Italics in original.)

Section 52.1 of the California Civil Code is part of the "Tom Bane Civil Rights Act," which was enacted by the Legislature to confront an increase in hate crimes against ethnic

minorities. *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 845 (2004); *Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (Cal. 1998). Nevertheless, Plaintiff's Complaint uses the terms "Unruh Civil Rights Act" and "Section 52.1" interchangeably. As a result, Defendant is understandably confused as to the actual basis for Plaintiff's state law claim. It is unclear as to whether the state claims are predicated upon two separate statutes (Civil Code sections 51 and 52), or whether Plaintiff merely intended to assert a claim under the Unruh Act and mistakenly cited to the Bane Act, or vice versa. As such, Defendant respectfully requests that Plaintiff be ordered to provide a more definite statement as to the basis for claims under California state law.

## IV.
## CONCLUSION

Pursuant to the foregoing arguments and authorities, Defendant TRANSCOR AMERICA, LLC respectfully requests the Court grant the instant Motion To Dismiss and Motion For More Definite Statement in their entirety.

Dated: March 10, 2008

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:   /s/ Justus C. Spillner
       Justus C. Spillner
       Attorney for Defendants
       TRANSCOR AMERICA, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On March 10, 2008, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRANSCOR AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6) AND MOTION MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. RULE 12(e)**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
Fax: (925) 947-1131
Email: Schwartz@cmslaw.com

Mark Merin
Joshua Kaizuka
LAW OFFICES OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, CA 95814
Fax: (916) 447-8336
Email: mark@markmerin.com

Karen L. Snell
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Fax: (415) 487-0748
Email: ksnell@clarencedyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2008, at Fresno, California.

/s/ Anne E. Jennings
Anne E. Jennings

00003/00010-1200251.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT