1 | Andrew C. Schwartz (State Bar No. 064578)
CASPER, MEADOWS, SCHWARTZ & COOK
2 | A Professional Corporation
California Plaza
3 | 2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
4 | Telephone:   (925) 947-1147
Facsimile:    (925) 947-1131
5 | E-Mail: Schwartz@cmslaw.com

6 | Mark E. Merin (State Bar No. 043849)
Joshua Kaizuka, Esq. (State Bar No. 212195)
7 | LAW OFFICES OF MARK E. MERIN
2001 P Street, Suite 100
8 | Sacramento, California  95814
Telephone:   (916) 443-6911
9 | Facsimile:    (916) 447-8336
E-Mail:  mark@markmerin.com

10 | 
11 | Karen L. Snell (State Bar No. 100266)
Attorney at Law
12 | 102 Buena Vista Terrace
San Francisco, CA  94117
13 | Telephone: (415) 225-7592
Facsimile:  (415) 487-0748
14 | E-Mail:  ksnell@clarencedyer.com

Attorneys for Plaintiff

15 | 
16 | IN THE UNITED STATES DISTRICT COURT
17 | NORTHERN DISTRICT OF CALIFORNIA
18 | 

19 | KEVIN M. SCHILLING, on behalf of himself and all those similarly situated,

Case No.  3:08-cv-00941 JL

20 | Plaintiffs,
21 | vs.

**OPPOSITION TO DEFENDANT TRANSCOR AMERICA, LLC'S MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

22 | TRANSCOR AMERICA, LLC, SGT. JOHN
23 | SMITH, OFFICER BLANDEN, and DOES 1 through 100,

Date:   May 14, 2008
Time:   9:30 a.m.
Courtroom:  F

24 | Defendants.
25 | 

I.    **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

26 | 
27 | A.    **Defendant's Objections to Plaintiff As A Class Representative Must Be Resolved Through A Class Certification Motion.**

28 | In lieu of answering Plaintiff's Complaint, Defendant Transcor America, LLC

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*
Plaintiff's Opposition to Defendant's Motion to Dismiss

1  ("Transcor") moves to dismiss pursuant to F.R.C.P. 12(b)(6) and (1) on the ground

2  that Plaintiff is an inadequate class representative.  Memorandum of Points and

3  Authorities in Support of Defendant Transcor America, LLC's Motion to Dismiss

4  Plaintiff's Class Action Complaint Pursuant to FRCP Rule 12(b)(6) and Motion for More

5  Definite Statement Pursuant to FRCP Rule 12(e) ("Deft's Motion to Dismiss"), p. 1.

6  Defendant Transcor's motion should be denied.  As the Ninth Circuit held in *Gillibeau*

7  *v. Richmond,* 417 F.2d 426 (9th Cir. 1969), and Judge Thelton Henderson recently

8  reaffirmed in *Barnett v. County of Contra Costa,* 2005 WL 5095264 (N.D. Cal. 2005),

9  "[w]hatever objections Defendants have to [a] named plaintiff[] as class

10  representative[] must be resolved through a class certification motion."  *Barnett,* 2005

11  WL 5095264 *3, *citing Gillibeau v. Richmond,* 417 F.2d at 432.  *See also Martinez v.*

12  *Bechtel Corp.,* 195 WL 274 *8 (N.D. Cal. 1975)("[A] motion to dismiss should be

13  denied in favor of the more thorough scrutiny afforded by a Rule 23(c)(1) hearing.");

14  *McDonald v. General Mills,* 387 F.Supp. 24, 38 (E.D. Cal. 1974) ("Compliance with

15  F.R.C.P. 23 . . . is not properly tested by a motion to dismiss for failure to state a

16  claim.").

17         Defendant's reliance on *Wright v. Schock,* 742 F.2d 541 (9th Cir. 1984), is

18  misplaced.  Contrary to Defendant's assertion, *Wright* did not hold that "courts are

19  permitted to rule on a motion to dismiss a class action complaint prior to actual

20  certification of the proposed class."  *See* Deft's Motion to Dismiss, p. 4.  The motion at

21  issue in *Wright* was for summary judgment brought on the technical issue of whether

22  the financial instrument certain defendants were alleged to have sold the plaintiffs

23  qualified as "securities" under federal law.  Prior to permitting the motion, the district

24  court "held extensive discussions with the parties to determine the most fair and

25  economical way to structure [the] complex litigation."  *Wright,* 742 F.2d at 544.  The

26  district court determined that it made sense to allow the defendants to argue that the

27  transactions in question did not involve "securities," before proceeding to the class

28  certification issue.  *Id.  Wright*  does not stand for the proposition that a defendant's

objections to a plaintiff as class representative can be addressed in a motion for

dismissal brought pursuant to F.R.C.P. 12(b)(6).

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*                                                         Page 2
Plaintiff's Opposition to Defendant's Motion to Dismiss

1    In essence, Defendant Transcor argues that all of Plaintiff's class claims should

2    be dismissed because "it is unknown whether his legal status is that of a pre-trial

3    detainee or a convicted prisoner," and that Plaintiff cannot have standing to represent

4    both groups as their rights to be free from the treatment alleged in the Complaint arise

5    under different constitutional amendments.    Deft's Motion to Dismiss, pp. 6-7.    This

6    argument highlights the importance of waiting to address such arguments until Plaintiff

7    or Defendant makes a motion for or against class certification pursuant to F.R.C.P. 23.

8    It may be that the class described in the Complaint should be divided into subclasses.

9    On the other hand, it may not.  *See Jones v. City of Los Angeles,* 444 F.3d 1118, 1128

10   (9th Cir. 2006)(The Eighth Amendment ban on cruel and unusual punishment may

11   regulate pre- as well as post-conviction law enforcement measures.), *appeal*

12   *dismissed as moot and opinion vacated,* 505 F.3d 1006 (2007).[1]    But this is not

     something that warrants dismissal now.

13         Subclasses can be refined even after a class has been certified.  *See Marisol A.*

14   *v. Giuliani,* 126 F.3d 372, 378 (2d Cir. 1997).  In *Marisol* the appellate court ruled that

15   the district court had not abused its discretion by certifying the class, but ordered the

16   district court to "engage in a rigorous analysis of the plaintiffs' legal claims and factual

17   circumstances in order to ensure that appropriate subclasses are identified, that each

18   subclass is tied to one or more suitable representatives, and that each subclass

19   satisfies Rule 23(b)(2)," before trial.  *Id.* At 378-379.  Plaintiff will consider amending

20   his complaint to define subclasses before moving for class certification pursuant to

21   Rule 23.  But to proceed at this juncture as Defendant requests – dismissing all of

22   Plaintiff's class claims pursuant to Rule 12(b)(6) because it is unclear from the

23   Complaint which potential subclass Plaintiff may belong to – would be contrary to the

     law.

24

25

26

27   _____

     [1] After *Jones* was published, the parties reached a settlement and filed a joint motion seeking dismissal
     of the appeal, remand and withdrawal of the opinion.  The court granted this motion.  However, Judge
28   Rymer's opinion distinguishing *Hawkins v. Comparet-Cassani,* 251 F.3d 1230 (9th Cir. 2001), upon
     which Defendant relies (Deft's Mot. To Dismiss, pp. 6-7), remains instructive.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*                                              Page 3
Plaintiff's Opposition to Defendant's Motion to Dismiss

1
2

**B.    Defendant's Objection To Plaintiff's Standing To Seek Declaratory And Injunctive Relief Is Also Premature.**

3

Defendant Transcor moves to dismiss Plaintiff's claim for equitable relief,

4

arguing that Plaintiff lacks standing because he cannot show a significant possibility of

5

future harm.  Deft's Motion to Dismiss, pp. 7-8.  Once again, Defendant's motion is

6

premature.  *See Bassette v. City of Oakland,* 2000 WL 33376593 *5-6 (N.D. Cal.

7

2000)(Where discovery had not yet begun, defendant's motion for dismissal of

8

Plaintiff's claim for equitable relief was "premature".).  As Judge Henderson explained

9

in *Barnett v. County of Contra Costa,* at this early stage, Plaintiff must be considered a

10

member of the putative class.  2005 WL 5095264 *3.  Determinations relevant to

11

standing or to class certification will also be relevant to the grant of injunctive relief.  *Id.*

12

The issue of whether the putative class as a whole has standing to seek declaratory

13

and injunctive relief must be resolved through the class certification motion, and it

14

follows that the issue of whether any individual named plaintiff in the putative class has

15

standing to seek declaratory and injunctive relief would be better resolved through a
motion for class certification.  *Id.*

16

This Court cannot be asked to decide, before there has been any discovery

17

whatsoever, that there is no set of facts Plaintiff could present that would show a

18

significant possibility of future harm.  *See Rae v. Union Bank,* 725 F.2d 478, 479 (9th

19

Cir., 1984) (Dismissal should be entered only when it "appears to a certainty under

20

existing law that no relief can be granted under any set of facts that might be proved in

21

support of plaintiff's claims."). All Plaintiff needs to show is a "credible threat" of future

22

injury.  *Kolender v. Lawson,* 461 U.S. 352, 355 n.3 (1983). Past violations are strong

23

evidence that the harm suffered will recur.  *Id.*  Allegations that it is the defendant's

24

official policy and practice to engage in the unlawful conduct underlying the complaint

25

also support a finding that there is a "likelihood of recurrence." *City of Los Angeles v. Lyons,* 461 U.S. 95, 105-106 (1983).

26

Plaintiff has alleged that "[a]s a result of being subjected to the harsh

27

transportation policies, practices, or customs described herein, plaintiff . . . suffered

28

physical, mental, and emotional distress, invasion of privacy, and violation of due

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*                                      Page 4
Plaintiff's Opposition to Defendant's Motion to Dismiss

1
2
3
4
5
6

process of law and federal and state statutory and constitutional rights." Complaint, ¶ 25.  Plaintiff has alleged that his claims arose because of Defendant Transcor's "official policy, practice, or custom of subjecting detainees to unlawful transportation and detention, excessive force, and cruel and unusual punishment," *id.,* ¶ 33, and that "there is a likelihood of future injuries to pretrial detainees and prisoners including members of the plaintiff class." *Id.,* ¶ 3.

7
8
9
10
11
12
13
14
15

If this Court determines that Plaintiff must additionally allege that there is a credible threat he will have another encounter with Transcor, he seeks the Court's leave to do so.  *See Vasquez v. Los Angeles County,* 487 F.3d 1246, 1258 (9th Cir. 2007)(Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.).  As discovery will reveal, Plaintiff is currently on probation based on his guilty plea to the misdemeanor charge that led to his detention and transportation by Transcor.  His conviction was in Las Vegas, Nevada, and he still resides in California.  There is a credible threat that an alleged probation violation –serious or technical -- could lead to his future transportation by Defendant.

16
17
18
19
20
21
22

Through discovery, Plaintiff will seek evidence of the number of pretrial detainees and prisoners who are transported from one detention facility to another by Defendant more than once.  In light of the States' and the federal government's current practice of contracting with out-of-state facilities to house pretrial detainees and prisoners, Plaintiff anticipates that he will be able to show that both pretrial detainees and prisoners suffer a credible threat of future injury by Transcor, and thus that injunctive relief is warranted.

23
24
25
26

It would be impossible for any court to conclude, at this stage of this litigation, that there are no facts that could possibly be alleged to establish a credible threat of future injury as a result of Defendant's policies and procedures.  Defendant's motion to dismiss Plaintiff's equitable claim should be denied.[1]

27
28

---

[1] Defendant does not challenge Plaintiff's right to seek injunctive relief pursuant to California Civil Code § 52.1(b).  Section 52.1(b) provides:

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*                                                             Page 5
Plaintiff's Opposition to Defendant's Motion to Dismiss

1

2
## II.    PLAINTIFF WILL AMEND TO ALLEVIATE ANY CONFUSION REGARDING HIS CAL. CIVIL CODE § 52.1 CLAIM

3       Plaintiff's Second Claim for Relief is based on California Civil Code section

4  52.1.  In Plaintiff's Complaint, he refers to section 52.1 as the Unruh Civil Rights Act."

5  Complaint, ¶ 4.   Defendant correctly points out that California Civil Code § 52.1(b) is

6  part of the Tom Bane Act, not the Unruh Act.  Plaintiff will amend his Complaint to

7  correct this misnomer.

8  Respectfully submitted,

9

10 DATED:  April 23, 2008

                                            _/s/_ - "Karen L. Snell"_____
11                                          KAREN L. SNELL, ESQ.
                                            Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26       Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the
         United States, or of rights secured by the Constitution or laws of this state, has been interfered
27       with . . . may institute and prosecute in his or her own name and on his or her own behalf a civil
         action, including, but not limited to, damages under Section 52, injunctive relief, and other
28       appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights
         secured.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Schilling v. TransCor America, LLC, et al.*                                          Page 6
Plaintiff's Opposition to Defendant's Motion to Dismiss