Matthew E. Fletcher, # 198028
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendants
TRANSCOR AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. SCHILLING, on behalf of himself and all those similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN, and DOES 1 through 100,,<br><br>Defendants. | Case No.  CV 08-00941 JL<br><br>**DEFENDANT TRANSCOR AMERICA, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT** |

COMES NOW, Defendant TRANSCOR AMERICA, LLC ("TRANSCOR") and submits the following Reply to Plaintiff's Opposition to its Motion to Dismiss Plaintiff's Class Action Complaint for lack of standing and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure, and its Motion For More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## I.
## INTRODUCTION

Plaintiff's Opposition to Defendant's subject motion provides a number of concessions and actually volunteers to revise the Complaint to cure certain deficiencies contained therein. Nevertheless, Defendant TRANSCOR maintains that Plaintiff KEVIN M. SCHILLING lacks standing to seek declaratory and injunctive relief and respectfully submits that those claims

should be dismissed accordingly. Plaintiff has also admitted that there was never any point in time relevant to this litigation wherein he could possibly characterized as a convicted prisoner. Therefore, KEVIN M. SCHILLING plainly lacks standing to assert his claims under the Eighth Amendment of the U.S. Constitution.

## II.
## LEGAL ARGUMENT

### A. Defendant's Motion To Dismiss Is Procedurally Proper At This Juncture.

In light of Plaintiff's concessions regarding the California Unruh Act, the central issue with respect to Defendant's subject 'Motion to Dismiss' is Plaintiff's lack of standing to assert his remaining claims. "Standing is the threshold issue of any federal action, a matter of jurisdiction because the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III [of the Constitution]." *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007). Indeed, "the question of standing is jurisdictional and may be raised *at any time* by the parties or sua sponte." *Jones v. City of Los Angeles*, 444 F.3d 1118, 1127 (9th Cir. 2006) (italics added); *See also*, *Building Material & Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d 500, 505 (9th Cir. 1989). ["A party may question the existence of subject matter jurisdiction at any time during the proceedings."].

Contrary to Plaintiff's assertions, TRANSCOR'S previous citation to *Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984) is not misplaced. The Ninth Circuit cited favorably to the *Wright* opinion in *Wade v. Kirkland*, 118 F.3d 667 (9th Cir. 1997) when it stated, "[w]e recognize that, in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment **or motion to dismiss** prior to ruling on class certification." *Id*. at 670 (emphasis added). Moreover, the primary thrust of Defendant's arguments for dismissal are made pursuant to Federal Rule of Civil Procedure 12(b)(1) rather than Rule 12(b)(6). (*See* Plaintiff's Opposition, page 2, line 28.)

Finally, the question of standing "is evaluated by the facts that existed when the complaint was filed." *ACLU v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006). As explained in Defendant's

moving papers and in the discussions which follow, Plaintiff has always lacked, and continues to lack standing to assert his claims for alleged violations of the Eighth Amendment and for injunctive relief and declaratory relief. Dismissal of those claims is therefore proper at this point in time.

**B.    Plaintiff Does Not Have Standing To Seek Injunctive And Declaratory Relief**

"There are two distinct components to the standing inquiry when a plaintiff requests prospective equitable relief. First, in order to satisfy the constitutional requirements for standing, the plaintiff must demonstrate a credible threat of future injury which is sufficiently concrete and particularized…. second, to establish an entitlement to injunctive relief, the plaintiff must allege not only a likelihood of future injury, but also show an imminent threat of irreparable harm." *Stevens v. Harper*, 213 F.R.D. 358, 366 (E.D. Cal. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-104 (1983)). The likelihood of imminent injury is also a prerequisite for seeking declaratory relief. *Id*. at 368, n. 8. It is the plaintiff's burden to allege facts which show "a very significant possibility of future harm." *Bras v. Cal. Pub. Utils. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995). Mere allegations of a past injury are insufficient. *Id*.

Here, Plaintiff has failed to allege any facts to show a significant possibility of future harm and instead urges the Court to wait to see whether "the putative class as a whole has standing to seek declaratory and injunctive relief…." (*See* Plaintiff's Opposition, page 4, lines 11-12.) However, Plaintiff cannot point to the hypothetical possibility of future harm to unnamed class members to satisfy the pleading requirements relative to his claims for injunctive and declaratory relief. "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of [a] proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

As Defendant pointed out in its moving papers, plaintiff cannot establish standing to seek injunctive and declaratory relief without alleging that (1) there is a likelihood that he will be

arrested again; (2) charged with a crime; **and** (3) again be subjected to the same constitutional violations which he allegedly suffered in the past. *See City of Los Angeles v. Lyons*, *supra,* 461 U.S. at 102-103. The mere suggestion that TRANSCOR might someday transport Plaintiff to a correctional facility is insufficient to meet this burden. Rather, he would need to show the likelihood that TRANSCOR will engage in the same alleged behavior which he seeks to enjoin, i.e., that he will be kept in a small metal cage for more than 24 hours at a time without being able to stand up or lie down; that TRANSCOR employees will pepper spay him without justification and cause him to walk into poles and other objects; that TRANSCOR employees will fail to provide him with adequate food and fluids, deprive him of his basic hygienic needs and deprive him of necessary medical care.

Plaintiff has neither alleged the likelihood of such future conduct nor explained how he possibly faces an "imminent threat of irreparable harm." Dismissal of both his state and federal claims for injunctive and declaratory relief are thus warranted at this juncture.

C. **Plaintiff Does Not Have Standing To Assert Claims Under The Eighth Amendment Of The U.S. Constitution.**

The fact that class certification proceedings have not yet occurred does not preclude the Court from dismissing Plaintiff's patently untenable claims under the Eighth Amendment. "At least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." *Williams v. Boeing Co.*, 517, F.3d 1120, 1127 (2008) (citing *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (Italics in original)). In other words, the Court's standing inquiry seeks to determine whether any named plaintiff has demonstrated that he has sustained or is imminently in danger of sustaining a direct injury as the result of the challenged conduct. *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993).

In the present matter, Plaintiff's Opposition admits that, at all times relevant to the litigation, KEVIN M. SCHILLING'S legal status was that of a pre-trial detainee and not a convicted prisoner. KEVIN M. SCHILLING is the only named plaintiff in this lawsuit. However, it is well settled that "the Eighth Amendment only prevents the imposition of cruel and unusual punishment on convicted prisoners." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir.

2004).

Plaintiff's reference to statements contained in *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006) does not support the argument that his factual allegations might give rise to a claim under the Eighth Amendment. *Jones* merely indicates that "a conviction is not required to establish standing for prospective relief from enforcement of a criminal law against a status or behavior that may not be criminalized under the Eighth Amendment…" *Jones*, 444 F.3d at 1130. However, even the *Jones* opinion explicitly recognizes that the "first two protections [of the Eighth Amendment] govern the particulars of criminal punishment, 'what kind' and 'how much,' [and cover] only those who have been convicted of a criminal violation and face punitive sanctions." *Id*. at 1128.

Plaintiff's Complaint in no way pertains to the state's attempt to criminalize his behavior ofrthe behavior of any pretrial detainees. Rather, Plaintiff has alleged that TRANSCOR subjected him to physical and emotional punishment which was unconstitutionally cruel and unusual. Such allegations bring into consideration the elements of the Eighth Amendment which apply exclusively to convicted prisoners. Again, the *Jones* opinion is consistent with other Ninth Circuit rulings which have repeatedly held that "the Eighth Amendment's prohibition against malicious or sadistic use of force does not apply until after conviction and sentence." *Pierce v. Multnomah County*, 76 F.3d 1032, 1038 (9th Cir. 1996). As Plaintiff was never a convicted prisoner during any period relevant to his factual allegations, he lacks standing to assert claims based upon alleged Eighth Amendment violations. Such claims should be dismissed accordingly.

### III.
### CONCLUSION

Pursuant to the foregoing arguments and authorities, defendant TRANSCOR AMERICA, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Class Action Complaint for lack of standing and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure, and its Motion For More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| 1  Dated: April 30, 2008 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |

By:  /S/ Matthew E. Fletcher

Matthew E. Fletcher
Attorneys for Defendants
TRANSCOR AMERICA, LLC

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6

DEFENDANT TRANSCOR AMERICA, LLC'S REPLY BRIEF IN SUPPORT MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On April 30, 2008, I served the within documents:

**DEFENDANT TRANSCOR AMERICA, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
Fax: (925) 947-1131
Email: Schwartz@cmslaw.com

Mark Merin
Joshua Kaizuka
LAW OFFICES OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, CA 95814
Fax: (916) 447-8336
Email: mark@markmerin.com

Karen L. Snell
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Fax: (415) 487-0748
Email: ksnell@clarencedyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

7

DEFENDANT TRANSCOR AMERICA, LLC'S REPLY BRIEF IN SUPPORT MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 30, 2008, at Fresno, California.

/S/Kathy Castillo
Kathy Castillo

15739/00026-1220169.v1