1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. SCHILLING, on behalf of himself
and all others similarly situated,

          Plaintiff,

   v.

TRANSCOR AMERICA, LLC, *et al.*,

          Defendants.

No. C 08-941 SI

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS WITH LEAVE
TO AMEND**

Defendants' motion to dismiss and for a more definite statement is scheduled for a hearing on August 15, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS in part and DENIES in part defendants' motion, and GRANTS plaintiff leave to amend the complaint.

**BACKGROUND**

On February 14, 2008, plaintiff Kevin Schilling filed this lawsuit against Transcor America, LLC ("Transcor"), Sergeant John Smith, Officer Blanden, and Does 1-100. The complaint alleges that Transcor is a for-profit Tennessee corporation licensed to do business in California whose business entails the transportation of pretrial detainees and prisoners throughout the United States on behalf of federal, state and local governments. Complaint ¶ 10. The complaint also alleges that at all material times, each of the defendants was acting under color of state and federal law. *Id*. ¶ 14.

Plaintiff alleges that in or about early September 2006, he was arrested at his home in Vallejo,

**United States District Court**
For the Northern District of California

1  California on a no-bail warrant issued by a court in Las Vegas. *Id*. ¶ 18. After being detained for

2  several days at a detention facility in Fairfield, California, plaintiff was picked up at the detention

3  facility by agents and/or employees of Transcor. *Id*. ¶ 19. The complaint alleges that plaintiff was strip

4  searched before boarding the transport van, and that he "was then handcuffed, a restraint was applied

5  that secured his hands to his waist, and he was shackled. After boarding the transport van, plaintiff was

6  seated on a metal bench in a small, locked metal cage in which it was impossible for him to stand up or

7  sit down." *Id*. The complaint alleges that for the next several days, plaintiff remained in the transport

8  van, restrained and shackled in the metal cage, while the van meandered around California picking up

9  and dropping off pretrial detainees and/or prisoners. *Id*. ¶ 20. Plaintiff alleges that during

10  approximately 6 days total in the transport van, he was provided with only two meals per day; he was

11  not permitted to lie down, stand up, bathe, shave, brush his teeth or change his clothes; he was forced

12  to use the on-board toilet at defendants' convenience; and aside from the steps from his cage to the toilet

13  and back, he was allowed no physical activity. *Id*. ¶¶ 21-22. Plaintiff also alleges that after being in the

14  van for several days, he realized that the van was headed back to Fairfield and he demanded to speak

15  to the warden. *Id*. ¶ 22. The complaint alleges that in response, and while he was detained as described

16  above, defendants Blanden and Smith grabbed him, sprayed pepper spray in his face, purposely walked

17  him into poles, and along with an unknown Transcor employee, punched him. *Id*. Plaintiff alleges that

18  he was not allowed to see a doctor or a nurse until the transport van reached Imperial County Jail. *Id*.

19

20       Plaintiff filed this action on behalf of class consisting of all pretrial detainees and prisoners who

21  were transported by Transcor and forced to remain in the transport van for more than 24 hours, from two

22  years preceding the filing of the complaint to the date this case is resolved. *Id*. ¶ 28. The complaint also

23  alleges a similar subclass of all pretrial detainees and prisoners transported in California. *Id*. ¶ 29. The

24  complaint alleges claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth and Fourteenth

25  Amendments to the U.S. Constitution, and the California State Unruh Act. Plaintiff seeks declaratory

26  and injunctive relief, as well as monetary damages.

27

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

Defendants contend that plaintiff Schilling, who was a pretrial detainee when he was transported by Transcor, lacks standing to assert any claims under the Eighth Amendment, which defendants assert only applies to claims by convicted prisoners.  Defendants also contend that Schilling lacks standing to seek injunctive and declaratory relief because the complaint does not – and could not – allege the likelihood that he would suffer a future injury, namely being arrested, charged with a crime, transported to a correctional facility by Transcor, and that he would be subjected to the same constitutional deprivations as alleged in the complaint.

Plaintiff responds, and the Court agrees, that defendants' arguments are premature and can be renewed in the context of a motion for class certification.  At the time of class certification and upon a fuller factual record, the Court will consider whether Schilling could adequately represent convicted prisoners.  Plaintiff also states that he will consider amending the complaint to define subclasses prior to moving for class certification.  Similarly, the Court cannot determine solely on the basis of the complaint and in the absence of any discovery that plaintiff cannot maintain a claim for declaratory and injunctive relief.

Defendants also move for a more definite statement related to plaintiff's claim under the California Unruh Act.  Plaintiff concedes that the complaint cites to a different California statute, the Tom Bane Act, and not the Unruh Act, and seeks leave to correct this error.  The Court GRANTS plaintiff leave to so amend the complaint.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendants' motion to dismiss the complaint and for a more definite statement.  (Docket No. 4).  Plaintiff shall file an amended complaint no later than **August 22, 2008**.

**IT IS SO ORDERED.**

Dated: August 11, 2008

SUSAN ILLSTON
United States District Judge

3