1 | Mark E. Merin (State Bar No. 043849)
Joshua Kaizuka (State Bar No. 212195)
2 | LAW OFFICE OF MARK E. MERIN
2001 P Street, Suite 100
3 | Sacramento, California  95811
Telephone:    (916) 443-6911
4 | Facsimile:    (916) 447-8336
E-Mail:  mark@markmerin.com

5

6 | Andrew C. Schwartz (State Bar No. 064578)
CASPER, MEADOWS, SCHWARTZ & COOK
A Professional Corporation
7 | California Plaza
2121 North California Blvd., Suite 1020
8 | Walnut Creek, California  94596
Telephone:    (925) 947-1147
9 | Facsimile:    (925) 947-1131
E-Mail:  Schwartz@cmslaw.com

10

11 | Karen L. Snell (State Bar No. 100266)
Attorney at Law
12 | 102 Buena Vista Terrace
San Francisco, CA  94117
Telephone:  (415) 225-7592
13 | Facsimile:  (415) 487-0748
E-Mail:  ksnell@clarencedyer.com

14

15 | Attorneys for Plaintiffs

16 |                IN THE UNITED STATES DISTRICT COURT

17 |                NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| KEVIN M. SCHILLING, JOHN PINEDO, WILLIAM TELLEZ, on behalf of themselves and all those similarly situated, | Case No. 3:08-cv-00941-SI |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. | DEMAND FOR JURY TRIAL |
| TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN, and DOES 1 through 100, | |
| Defendants. | |

26 | \\\

27 | \\\

28 | \\\

_____
*Schilling v. TransCor America, LLC, et al.*                                    Page 1
FIRST AMENDED CLASS ACTION COMPLAINT

PLAINTIFFS COME BEFORE THIS HONORABLE COURT AND ALLEGE:

**INTRODUCTION**

1.     This is an action for declaratory and injunctive relief, damages, and punitive damages against TRANSCOR AMERICA, LLC, SGT. JOHN SMITH, OFFICER BLANDEN and DOES 1 THROUGH 100 (persons sued herein by their fictitious names) for violations of plaintiff's constitutional rights and those of other similarly situated persons.

2.     In this complaint, plaintiff alleges that TRANSCOR AMERICA, LLC's official policy, practice, or custom of transporting pretrial detainees and prisoners in conditions that amount to cruel and unusual punishment violated and violates the rights of plaintiff, and each of those persons similarly situated, secured by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution and entitles plaintiff, and each of those similarly situated, to recover damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988). TRANSCOR AMERICA, LLC's policies, practices or customs include but are not limited to transporting pretrial detainees and prisoners in small metal cages in which a person can neither stand up nor lie down for more than 24 hours at a time while the person is handcuffed, chained, and in shackles, and failing to provide pretrial detainees and prisoners with adequate food, fluids, exercise, hygiene, and medical care.

3.     Because TRANSCOR AMERICA, LLC's official policy, practice, or custom is to transport pretrial detainees and prisoners in conditions that amount to unlawful detention, excessive force, and cruel and unusual punishment, there is a likelihood of future injuries to pretrial detainees and prisoners including members of the plaintiff class.  Accordingly, plaintiff seeks an order declaring unlawful TRANSCOR AMERICA, LLC's policy, practice or custom of transporting pretrial detainees under the conditions described above and enjoining TRANSCOR AMERICA, LLC from engaging in this conduct in the future.

4.     Plaintiff includes claims for damages and attorneys' fees under California state law against TRANSCOR AMERICA, LLC for violation of the Bane Civil Rights Act (California Civil Code § 52.1(b)) pursuant to which plaintiff is, and each of those persons similarly situated in the subclass of pretrial detainees and prisoners transported by defendants

in California is, entitled to recover a minimum of $4,000 for each violation of rights secured to them by the constitution or laws of the state of California and the constitution or laws of the United States and attorneys' fees (California Civil Code § 52.1(h)).

5.     Plaintiff includes claims for damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988) against all defendants for their violation of his Fourth and Fourteenth Amendment right to be free from the use of excessive force, and the right to be provided with adequate medical care.

6.     Finally, plaintiff includes a claim for damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988) against TRANSCOR AMERICA, LLC and DOES 1-10 for its failure to adequately supervise SGT. SMITH, OFFICER BLANDEN, and DOES 11 through 100.

## JURISDICTION

7.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

8.     The court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367(a).

9.     The amount in controversy exceeds $10,000, excluding interest and costs.

## PARTIES

10.     Plaintiff KEVIN M. SCHILLING is a resident of Vallejo, California.  Like all those similarly situated, plaintiff is and at all material times herein was a citizen of the United States who was arrested in one jurisdiction for an offense allegedly committed in another jurisdiction and was transported from one detention facility to another detention facility by defendants.

11.     Plaintiff JOHN PINEDO is a resident of Delano, California.  Like all those similarly situated, plaintiff is and at all material times herein was a citizen of the United States

who was a sentenced prisoner serving time in one jurisdiction when he was picked up by defendant TRANSCOR AMERICA, LLC and transported to another jurisdiction for a court appearance.

12.     Plaintiff WILLIAM TELLEZ is a citizen of the United States who was serving a sentence in the Federal Penitentiary in Atwater, California, when he was picked up and transported to and from Clark County Detention Center in Nevada by defendant TRANSCOR AMERICA, LLC.

13.     Defendant TRANSCOR AMERICA, LLC is and at all material times referred to herein was a for-profit Tennessee corporation licensed to do business in California whose business entails the transportation of pretrial detainees and prisoners throughout the United States on behalf of federal, state, and local governments.

14.     Defendant SGT. JOHN SMITH is an agent and/or employee of defendant TRANSCOR AMERICA, LLC.

15.     Defendant OFFICER BLANDEN is an agent and/or employee of Defendant TRANSCOR AMERICA, LLC.

16.     Plaintiffs are informed and believe and thereon allege that defendants sued herein by their fictitious names, DOES 1 through 100, are agents and/or employees of defendant TRANSCOR AMERICA, LLC.  Plaintiffs are not currently aware of the true names and identities of those sued herein as DOES 1 through 100, but will amend their complaint to include such persons' real names once said names are made available to them.

17.     At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States and its States, including but not limited to the State of California.

18.     Class action plaintiffs are all those similarly situated pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, within the two years preceding the filing of this Complaint and the date this matter is resolved.

\\\

19.    For purposes of the California Bane Act Claim, class action plaintiffs are all those similarly situated pretrial detainees and prisoners who were transported in the State of California by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, within the two years preceding the filing of this Complaint and the date this matter is resolved.

## FACTS

20.    In or about early September, 2006, plaintiff KEVIN M. SCHILLING was arrested at his home in Vallejo, California on a no-bail warrant issued by a court in Las Vegas, Nevada.    Plaintiff was booked into a detention facility in Fairfield, California, where he remained for several days.

21.    On or about September 22, 2006, plaintiff was picked up at the Fairfield Detention facility by agents and/or employees of defendant TRANSCOR AMERICA, LLC. Before boarding the transport van, plaintiff was strip searched.    He was then handcuffed, a restraint was applied that secured his hands to his waist, and he was shackled.    After boarding the transport van, plaintiff was seated on a metal bench in a small, locked metal cage in which it was impossible for him to stand up or lie down.

22.    For the next several days, plaintiff remained in the transport van, restrained as described above, while the van meandered around California -- from Fairfield through counties within the Northern District of the United States District Court, to Fresno and then back, once again through counties within the Northern District of the United States District Court, to Fairfield – picking up and dropping off pretrial detainees and/or prisoners.

23.    During his time in the transport van, plaintiff was provided with only two meals a day, which consisted of a fast food sandwich or hamburger and a cup of water.    Plaintiff was not permitted to lie down or stand up or shower or shave or brush his teeth or change his clothes.    He was forced to use the on-board toilet at the defendants' convenience.    Eventually, it backed up and smelled bad.    But for the steps from his cage to the toilet and back, he was allowed no physical activity.

\\\

24.     When, after approximately four days of traveling in these conditions, plaintiff realized that the TRANSCOR AMERICA, LLC transport van was headed back to Fairfield, he demanded to talk to the warden.  In response, and while he was still detained as described above, defendants SGT. JOHN SMITH and OFFICER BLANDEN grabbed him and sprayed pepper spray in his face.  While plaintiff was still unable to see, SGT. JOHN SMITH purposely walked him into poles and, along with an unknown TRANSCOR AMERICA, LLC employee, and proceeded to punch him.  Although this occurred at approximately 3:00 a.m. outside the Fresno County Jail, plaintiff was not allowed to shower or change clothes or see a nurse or a doctor until approximately two days later when, after making numerous stops along the way, the transport van reached Imperial County Jail.

25.     Plaintiff remained in the Imperial County Jail for approximately three days, after which time he was transported to Las Vegas.

26.     On or about June 29, 2006, at approximately 9:00 a.m., plaintiff JOHN PINEDO was picked up by defendant TRANSCRO AMERICA, LLC, at Kern Valley State Prison in Delano, California where he was serving a sentence for possession and sale of marijuana, and transported to Santa Barbara County Jail where he arrived on June 30, 2005, more than 27 hours later for a child custody hearing.

27.     The entire time plaintiff PINEDO was on defendant TRANSCOR's transport vehicle, he was handcuffed, shackled, and restrained with a belly chain and chained to other inmates in a metal cage, unable to lie down, or to sleep during the entire time of his transport.

28.     During his time in the transport van, plaintiff PINEDO was permitted only two opportunities to urinate but could not sit to use the toilet to defecate because the TRANSCOR personnel would not remove any of the restraints.

29.     During the entire time of his transport, plaintiff PINEDO was fed only three "fast food" meals, not permitted to wash, to shower, or to change his clothes, before being delivered to Santa Barbara County Jail.

30.     In or about August 2005, plaintiff TELLEZ was serving a sentence at the Federal Penitentiary in Atwater, California, when he was first picked up for transport to Clark

County Detention Center.  The trip on the TRANSCOR transport van took six (6) days, during which time several stops were made to pick up and discharge prisoners along the way.

31.    Plaintiff TELLEZ was manacled, shackled and handcuffed during the entire time of his transport.  He had limited access to toilet facilities, was not permitted to shower at any time during the six (6) day transport, and had only a restricted diet of "fast food" during the entire time on the transport van.

32.    Transported in a cage, manacled, shackled, and waist chained, he was unable to lie down and deprived of sleep during the entire time of the transport.

33.    Transported by TRANSCOR back to Atwater in late February 2006, plaintiff TELLEZ was again subjected to the same abominable conditions he experienced on the initial trip from Atwater:  six (6) day transport while handcuffed, shackled and waist chained the entire time in a small metal cage in which he was unable to lie down and deprived of sleep.

34.    Again, he was fed only a restricted diet of "fast food", denied bathroom breaks, and never unshackled in order to use the toilet to defecate.

35.    Defendants TRANSCOR AMERICA, LLC and SGT. SMITH and OFFICER BLANDEN and DOES 1 through 100 are jointly and severally personally responsible for the unlawful conduct of which plaintiffs complain.

36.    As a result of being subjected to the harsh transportation policies, practices, or customs described herein, plaintiffs, and all those similarly situated, have suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and federal and state statutory and constitutional rights, and are entitled to recover damages according to proof, including exemplary damages.

## CLASS CLAIMS

37.    The unlawful detention and transportation, use of excessive force, and cruel and unusual punishment to which plaintiffs and all those similarly situated were subjected was performed pursuant to policies, practices, or customs of TRANSCOR AMERICA, LLC and DOES 1-10.  The unlawful detention and transportation, use of excessive force, and cruel and unusual punishment complained of herein was engaged in without regard to the nature of the

1    alleged offense for which plaintiffs, and each of those similarly situated, had been arrested,

2    without regard to whether or not plaintiffs, and each of those similarly situated, had been

3    convicted of any crime, and without regard to whether plaintiffs, and each of those similarly

4    situated, had any history of violence.

5           38.     Plaintiffs bring this action on their own behalf and on behalf of all persons

6    similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure.

7           39.     The class is defined to include all pretrial detainees and prisoners who were

8    transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to

9    remain in the transport van for more than 24 hours, from two years preceding the filing of this

10    Complaint to the date this matter is resolved.

11          40.     The subclass for purposes of the Bane Act claims is all pretrial detainees and

12    prisoners transported in California by TRANSCOR AMERICA, LLC, its agents and/or

13    employees, and forced to remain in the transport van for more than 24 hours, from two years

14    preceding the filing of this Compliant to the date this matter is resolved.

15          41.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members

16    of the class are so numerous that joinder of all members is impractical. Plaintiffs do not know

17    the exact number of class members. Plaintiffs are informed and believe, and thereupon allege,

18    that more than 30,000 persons per year are transported by defendants, and that most of the trips

19    last more than 24 hours. Plaintiffs are informed and believe, and therefore allege, that there are

20    thousands of persons in the proposed class.

21          42.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

22    informed and believe, and thereupon allege, that there are many facts common to the class

23    including but not limited to: (a) whether defendants have a policy, practice, or custom of

24    transporting pretrial detainees and prisoners in small metal cages, wearing handcuffs, shackles,

25    and wrist restraints, for more than 24 hours at a time; (b) whether defendants have a policy,

26    practice or custom of providing pretrial detainees and prisoners with inadequate food; (c)

27    whether defendants have a policy, practice or custom of providing pretrial detainees and

28    prisoners with inadequate fluids; (d) whether defendants have a policy, practice or custom of

1  providing pretrial detainees and prisoners with inadequate hygiene; (e) whether defendants

2  have a policy, practice or custom of providing pretrial detainees and prisoners with inadequate

3  exercise; and (f)  whether defendants have a policy, practice or custom of providing pretrial

4  detainees and prisoners with inadequate medical care.

5      43.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

6  informed and believe, and thereupon allege, that there are many questions of law common to

7  the class including but are not limited to:  (a)  whether transporting pretrial detainees and

8  prisoners in metal cages, wearing handcuffs, shackles, and wrist restraints, unable to lie down

9  or stand up for more than 24 hours at a time, violates the Fourth, Eighth, and Fourteenth

10  Amendments; (b)   whether defendants' policy, practice or custom of providing pretrial

11  detainees and prisoners with inadequate food violates pretrial detainees' right to be free from

12  unreasonable seizure and detention and prisoners' right to be free from cruel and unusual

13  punishment; (c)  whether defendants' policy, practice or custom of providing pretrial detainees

14  and prisoners with inadequate fluids violates pretrial detainees' right to be free from

15  unreasonable seizure and detention and prisoners' right to be free from cruel and unusual

16  punishment; (d)  whether defendants' policy, practice or custom of providing pretrial detainees

17  and prisoners with inadequate hygiene violates pretrial detainees' right to be free from

18  unreasonable seizure and detention and prisoners' right to be free from cruel and unusual

19  punishment; (e)  whether defendants' policy, practice or custom of providing pretrial detainees

20  with inadequate exercise violates pretrial detainees' right to be free from unreasonable seizure

21  and detention; and (f)  whether defendants' policy, practice or custom of providing pretrial

22  detainees and prisoners with inadequate medical care violates pretrial detainees' right to be free

23  from unreasonable seizure and detention and prisoners' right to be free from cruel and unusual

24  punishment.

25      44.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of

26  the representative plaintiffs are typical of the class.  Representative plaintiffs have the same

27  interests and suffered the same type of injuries as all of the class members.  Plaintiffs' claims

28  arose because of defendants' official policy, practice, or custom of subjecting detainees to

unlawful transportation and detention, excessive force, and cruel and unusual punishment. Plaintiffs' claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being transported under the conditions imposed by TRANSCOR AMERICA, LLC.

45.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiffs will fairly and adequately protect the class interests.    Plaintiffs' interests are consistent with and not antagonistic to the interests of the class.

46.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

47.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

48.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiffs are informed and believe, and thereupon allege, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

49.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties.  Plaintiffs are informed and believe, and thereupon allege, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all.  Plaintiffs are informed and believe, and thereupon allege, that the amounts at stake for individuals are so small that separate suits would be impracticable.  Plaintiffs are informed and believe, and thereupon allege, that most members of the class will not be able to find counsel to

1  represent them.  Plaintiffs are informed and believe, and thereupon allege, that it is desirable to

2  concentrate all litigation in one forum because it will promote judicial efficiency to resolve the

3  common questions of law and fact in one forum, rather than in multiple courts.

4          50.     Plaintiffs do not know the identities of all of the class members.  Plaintiffs are

5  informed and believe, and thereupon allege, that the identities of the class members may be

6  ascertained from records maintained by defendant TRANSCOR AMERICA, LLC.  Plaintiffs

7  are informed and believe, and thereupon allege, that records maintained by defendants reflect

8  who was subjected to transportation, from where to where, when, and for how long.  Plaintiffs

9  are informed and believe, and thereupon allege, that all of the foregoing information is

10  contained in defendants' records and that the information necessary to identify the class

11  members, by last known addresses, and the dates, pick-up and drop-off points, and duration of

12  their transportation, is readily available from said records.

13          51.     In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), class

14  members must be furnished with the best notice practicable under the circumstances, including

15  individual notice to all members who can be identified through reasonable effort.  Plaintiffs are

16  informed and believe, and thereupon allege, that defendants' computer records contain a last

17  known address for class members.  Plaintiffs contemplate that individual notice will be given to

18  class members at such last known address by first class mail.  Plaintiffs contemplate that the

19  notice will inform class members of the following:

20                          i.   The pendency of the class action and the issues common to the

21                               class;

22                         ii.   The nature of the action;

23                        iii.   Their right to "opt out" of the action within a given time, in which

24                               event they will not be bound by a decision rendered in the class

25                               action;

26                         iv.   Their right, if they do not "opt out," to be represented by their own

27                               counsel and to enter an appearance in the case; otherwise they will

28                               be represented by the named class plaintiffs and their counsel; and

---

v.  Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## FIRST CLAIM FOR RELIEF

(Violation Of Fourth, Eighth And Fourteenth Amendments To The U.S.
Constitution On Behalf Of Plaintiffs And All Persons Similarly Situated Against
Defendants TRANSCOR AMERICA, LLC And DOES 1 through 100, And
Each Of Them)

52.    Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

53.    Defendants' policies, practices, or customs regarding the transportation of pretrial detainees and prisoners violated the rights of plaintiffs, and the rights of each of those similarly situated, under the Fourth and Eighth Amendments to be free from unlawful detention, the use of excessive force, and cruel and unusual punishment, and violated the rights of plaintiffs, and the rights of each of those similarly situated, under the Fourteenth Amendment to due process and privacy, and directly and proximately damaged plaintiffs, and each of those similarly situated, as herein alleged, entitling plaintiffs, and each of those similarly situated, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, prays for relief as hereunder appears.

## SECOND CLAIM FOR RELIEF

(Violation Of The California State Bane Civil Rights Act, Civil Code Section
52.1, On Behalf Of Plaintiffs And All Persons Similarly Situated And Against
All Defendants, And Each Of Them)

54.    Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

55.    By subjecting plaintiffs, and all those similarly situated, to unlawful seizure and detention, the use of excessive force, and cruel and unusual punishment, defendants, and each

of them, have interfered by threats, intimidation, or coercion with plaintiff's' rights, and the rights of all those similarly situated, secured by the Constitution of the United States and the rights secured by the Constitution of California.

56.     Plaintiffs, and each of the persons plaintiffs seek to represent, was harmed by defendants' interference with their aforementioned constitutional and statutory rights.

57.     By using threats, intimidation and coercion to interfere with plaintiffs', and each of the persons' plaintiffs seek to represent, aforementioned constitutional and statutory rights, defendants, and each of them, have violated California Civil Code § 52.1.

58.     Defendants' violations of California Civil Code § 52.1 makes them liable to each plaintiff for damages up to a maximum of three times the amount of each plaintiffs' actual damages, but in no event less than four thousand dollars ($4,000), together with any attorney's fees and costs that may be determined by the court.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, pray for relief as hereunder appears.

### THIRD CLAIM FOR RELIEF

(Violation Of Fourth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiffs Against All Defendants, And Each Of Them)

59.     Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

60.     Defendants TRANSCOR AMERICA, LLC, SGT. SMITH, OFFICER BLANDEN, and DOES 1 through 100 acted under color of law in detaining and transporting plaintiffs in conditions that amounted to punishment, subjecting plaintiffs to excessive force, and depriving plaintiffs of adequate food, fluids, hygiene, exercise and medical care, thereby violating plaintiffs' rights under the Fourth and Fourteenth Amendments, and directly and proximately injuring plaintiffs, as herein alleged, entitling plaintiffs to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

\\\

\\\

61.    As a proximate result of the conduct of defendants, plaintiffs suffered physical pain and emotional distress and incurred general damages for the deprivation of his constitutional rights.

62.    Defendants acted in reckless and callous disregard for the constitutional rights of plaintiffs, and with willful oppression and malice.  Plaintiffs therefore seek an award of punitive damages against the individual Defendants.

WHEREFORE, plaintiffs pray for relief as hereunder appears.

### FOURTH CLAIM FOR RELIEF

(Violation Of Fourth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiffs Against Defendants TRANSCOR AMERICA, LLC And DOES 1 through 10, And Each Of Them, For Failure To Supervise)

63.    Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

64.    Plaintiffs are informed and believe, and herein allege, that defendants TRANSCOR AMERICA, LLC and DOES 1 through 10 participated in the violation of plaintiffs' rights by failing to provide adequate training, supervision, discipline, and control of their agents and employees, including defendants SGT. SMITH and OFFICER BLANDEN, with respect to the constitutional prohibition against unreasonable searches and seizures and the appropriate use of force and by ratifying the conduct of the Defendants described in this complaint, thereby acquiescing in the deprivation of plaintiffs' rights.

WHEREFORE, plaintiffs pray for relief as hereunder appears.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, seek judgment as follows:

1.    For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policy, practice, or custom of transporting pretrial detainees and prisoners under the conditions described herein;

2.    Certification of the action as a class action;

---

3.      For compensatory, general, and special damages for each representative plaintiff and for each member of the class of plaintiffs, as against all defendants;

4.      Exemplary damages as against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

5.      Attorneys' fees and costs under 42 U.S.C. § 1988, and California Civil Code §§ 52 et seq.; and,

6.      The cost of this suit and such other relief as the court finds just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), a jury trial is hereby demanded.

DATED:  August 21, 2008                Respectfully submitted,

LAW OFFICE OF MARK E. MERIN

/s/ - "Mark E. Merin"

By:_____
     Mark E. Merin
     Attorneys for Plaintiffs