IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. SCHILLING, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

TRANSCOR AMERICA, LLC, *et al.*,

    Defendants.
                             /

No. C 08-941 SI

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE; GRANTING PLAINTIFFS' LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants' motion to transfer venue and plaintiffs' motion to amend the complaint are scheduled for a hearing on October 16, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendants' motion to transfer venue, and GRANTS plaintiff leave to amend the complaint.

**BACKGROUND**

On February 14, 2008, plaintiff Kevin Schilling filed this lawsuit against TransCor America, LLC ("TransCor"), Sergeant John Smith, "Officer Blanden," and Does 1-100.[1] On August 21, 2008, plaintiffs filed an amended complaint adding two additional named plaintiffs, John Pinedo and William Tellez, and correcting a typographical error. The amended complaint alleges that TransCor is a for-profit Tennessee corporation licensed to do business in California whose business entails the

---

[1] The complaint incorrectly named defendant Jeff Brummett as Officer Blanden. Plaintiffs' motion to amend the complaint seeks to correct this error, and defendants have no objection to this amendment. This order will refer to defendant by his correct name, Brummett.

**United States District Court**
For the Northern District of California

1 transportation of pretrial detainees and prisoners throughout the United States on behalf of federal, state
2 and local governments. First Amended Complaint ("FAC") ¶ 13. The complaint also alleges that at all
3 material times, each of the defendants was acting under color of state and federal law. *Id*. ¶ 17.

4 The FAC alleges that TransCor transports pretrial detainees and prisoners in conditions that
5 amount to cruel and unusual punishment. The FAC alleges that TransCor's policies, practices or
6 customs include but are not limited to transporting pretrial detainees and prisoners in small metal cages
7 in which a person can neither stand up nor lie down, for more than 24 hours at a time, while the person
8 is handcuffed, chained, and in shackles, and failing to provide pretrial detainees and prisoners with
9 adequate food, fluids, exercise, hygiene, and medical care. *Id*. ¶ 2. According to the FAC, plaintiff
10 Schilling was picked up at a detention facility in Fairfield, California, by agents and/or employees of
11 TransCor. *Id*. ¶ 21. The complaint alleges that Schilling was strip searched before boarding the
12 transport van, and that he "was then handcuffed, a restraint was applied that secured his hands to his
13 waist, and he was shackled. After boarding the transport van, plaintiff was seated on a metal bench in
14 a small, locked metal cage in which it was impossible for him to stand up or sit down." *Id*. The
15 complaint alleges that for the next several days, plaintiff remained in the transport van, restrained and
16 shackled in the metal cage, while the van "meandered around California – from Fairfield through
17 counties within the Northern District of the United States Court and then back, once again through
18 counties within the Northern District of the United States District Court, to Fairfield – picking up and
19 dropping off pretrial detainees and/or prisoners." *Id*. ¶ 22. Plaintiff Schilling alleges that during the
20 time in the transport van, he was provided with only two meals per day; he was not permitted to lie
21 down, stand up, bathe, shave, brush his teeth or change his clothes; he was forced to use the on-board
22 toilet at defendants' convenience; and aside from the steps from his cage to the toilet and back, he was
23 allowed no physical activity. *Id*. ¶ 23. The FAC also alleges that after being in the van for several days,
24 Schilling realized that the van was headed back to Fairfield and he demanded to speak to the warden.
25 *Id*. ¶ 24. The complaint alleges that in response, and while he was detained as described above,
26 defendants Brummett and Smith grabbed him, sprayed pepper spray in his face, purposely walked him
27 into poles, and along with an unknown TransCor employee, punched him. *Id*. Plaintiff alleges that he
28 was not allowed to see a doctor or a nurse until the transport van reached Imperial County Jail. *Id*.

The FAC alleges that plaintiff Pinedo was picked up by TransCor at Kern Valley State Prison in Delano, California, and transported to Santa Barbara County Jail. *Id.* ¶ 26. The FAC alleges that the trip took more than 27 hours, and that during the entire time Pinedo was in TransCor's vehicle, he was handcuffed, shackled, and restrained with a belly chain and chained to other inmates in a metal cage, unable to lie down or sleep during the entire time of his transport. *Id.* ¶ 27. The FAC also alleges that Pinedo was permitted only two opportunities to urinate, but could not sit to use the toilet to defecate because TransCor personnel would not remove any of the restraints. *Id.* ¶ 28. Pinedo also alleges that he was fed only three "fast food" meals, and not permitted to wash, shower or change his clothes before being delivered to Santa Barbara County Jail. *Id.* ¶ 29.

The FAC alleges that plaintiff Tellez was picked up by TransCor at the Federal Penitentiary in Atwater, California. *Id.* ¶ 30. Tellez was transported to Clark County Detention Center in a trip that took six days, and then approximately six months later, TransCor transported Tellez from Clark County Detention Center back to Atwater, California. *Id.* ¶ 33. The FAC alleges that Tellez experienced conditions similar to those experienced by Schilling and Pinedo. *Id.* ¶¶ 30-33.

Plaintiffs filed this action on behalf of a class consisting of "all pretrial detainees and prisoners who were transported by TRANSCOR AMERICA, LLC, its agents and/or employees, and forced to remain in the transport van for more than 24 hours, from two years preceding the filing of this Complaint to the date this case is resolved." *Id.* ¶ 39. The complaint also alleges a similar subclass of all pretrial detainees and prisoners transported in California. *Id.* ¶ 40. The complaint alleges claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution, and the California State Bane Civil Rights Act. Plaintiffs seek declaratory and injunctive relief, as well as monetary damages.

## DISCUSSION

### I. Defendants' motion to transfer venue

Defendants move to transfer venue to the Middle District of Tennessee, or alternatively to the Eastern District of California. Defendants contend that transfer is appropriate pursuant to 28 U.S.C. § 1406(a) because a substantial part of the events giving rise to this lawsuit occurred in Tennessee,

where TransCor is headquartered and thus where the TransCor policies and procedures were developed, or the Eastern District of California, because a large portion of the route that plaintiff Schilling traveled on when he was transported from Fairfield, California to Las Vegas, Nevada, is in the Eastern District. Alternatively, defendants contend that venue should be transferred to Tennessee pursuant to 28 U.S.C. § 1404(a) because it is more convenient for the parties and witnesses.

### A. 28 U.S.C. § 1406(a)

In general, venue is covered by 28 U.S.C. § 1391. Under 29 U.S.C. 1391(b), where federal subject matter jurisdiction is not based solely on diversity of citizenship, venue is proper in the following districts: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or a "substantial part of the property" that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought, a judicial district in which any defendant may be found. 28 U.S.C. § 1391(b). Here, the defendants do not all reside in the same state,[2] and there are districts in which the action may be brought, and thus the question is whether a "substantial part of the events or omissions" giving rise to plaintiffs' claims occurred in this district.

As an initial matter, plaintiffs contend that defendants have waived an improper venue defense because Federal Rule of Civil Procedure 12(b)(3) provides that any motion asserting the defense of improper venue must be made before pleading if a responsive pleading is allowed. Plaintiffs note that TransCor filed a motion to dismiss pursuant to Rule 12(b) in 2008, and that it has since appeared at three different case management conferences and has represented in case management conference statements that "there are no issues regarding personal jurisdiction or venue." TransCor argues that it has not waived a venue challenge because it was only recently that TransCor's counsel learned that plaintiff Schilling's transport only traveled into the Northern District momentarily. Defendants also argue that defendants Smith and Brummett were only recently served with the complaint, and that these defendants preserved their venue objection by asserting it in their answer and by filing the instant motion.

---

[2] Defendants Brummett and Smith reside in Oklahoma.

4

The Court finds that defendants Smith and Brummett have not waived their venue objection since these defendants were only recently served and have raised improper venue in their answer. Given the procedural history of this case and the fact that this action has been pending since February 2008, it is a much closer call as to whether TransCor has waived its right to challenge venue. However, because all defendants raise identical arguments regarding venue, the Court will consider the motion as to all defendants.

The events or omissions on which plaintiffs' claims are based occurred in several judicial districts, including the Northern and Eastern Districts of California, Nevada, and Tennessee. Section 1391(b) "do[es] not require that a majority of the 'events or omissions' occur in the district where suit is filed; nor that the events there predominate. It is sufficient that a 'substantial part' occur there." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, ¶ 4:316 (2009). The "substantiality" requirement is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

The parties dispute how much of plaintiff Schilling's transport route went through the Northern District versus the Eastern District.[3] The Court finds it unnecessary to resolve this factual question – which in any event cannot be conclusively determined upon this record – because it is undisputed that at least some portion of Schilling's route was in the Northern District. In addition, plaintiffs assert, and defendants do not deny, that discovery has revealed that during the class period TransCor had contracts with seven law enforcement agencies in the Northern District to transport prisoners and pretrial detainees. In contrast, TransCor has closed the Fresno "hub," and TransCor did not have any contracts to transport prisoner and pretrial detainees in the Middle District of Tennessee. Thus, it is likely that putative class members were transported throughout the Northern District of California. The Court concludes that based upon these facts, venue is proper in this District. Moreover, any suggestion by defendants that litigating in this District is unfair or burdensome is undercut by their willingness to litigate in the Eastern District, which is equally remote from either Oklahoma, where the individual

---

[3] The parties do not discuss the other named plaintiffs' transport routes.

5

defendants reside, or Tennessee, where TransCor is headquartered.

**B.     28 U.S.C. § 1404(a)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Defendants contend that the Middle District of Tennessee is more convenient because TransCor witnesses and documents are located there. However, given the procedural posture of this case, the Court finds that transfer would be both inefficient and not in the interest of justice. This case has been pending since February 2008, the parties have engaged in motion practice, and the Court has held three case management conferences. Under the current pretrial schedule, plaintiffs are scheduled to file a motion for class certification in December 2009, and the Court will hold a hearing on the motion in February 2010. According to plaintiffs' counsel, document discovery is virtually complete, and the parties have cooperated to schedule depositions at convenient times and places, including in Tennessee and Oklahoma. Thus, the only inconvenience to non-California witnesses will be if they are required to testify at trial. Given defendants' willingness to litigate in the Eastern District of California, any

incremental inconvenience caused by traveling to the Northern District is marginal at best.

Accordingly, the Court DENIES defendants' motion to transfer venue.

## II. Plaintiffs' motion to file second amended complaint

Plaintiffs seek to amend the complaint in several ways. Plaintiffs seek to correct the name of defendant Brummett, and to change the place of plaintiff Schilling's residence as well as the date of his transport. Plaintiffs also wish to amend the definition of the class to include pretrial detainees and prisoners whose claims were timely as of February 14, 2006, despite having accrued more than two years before plaintiffs filed their original complaint, based on the tolling provisions of California Code of Civil Procedure section 352 (limitations period tolled due to the disability of minority or insanity) or 352.1 (limitations period tolled for a maximum of two years due to the disability of imprisonment). Finally, plaintiffs wish to allege with additional particularity the facts showing that the tolling provisions of California Code of Civil Procedure section 352.1 apply to plaintiff Tellez. Defendants only oppose the proposed amendment to the class definition.

Plaintiffs state that through pre-class certification discovery they have learned that a substantial number of the prisoners and detainees transported by TransCor were juveniles and state hospital inmates. Plaintiffs state that in preparing to move for class certification, it has come to their attention that the complaint unintentionally excludes potential class members with timely claims. Plaintiffs argue that there is no prejudice to defendants because the additional class members have the same claims as the original class, and that the proposed amendment does not affect the schedule for filing and hearing the motion for class certification.

Defendants oppose amending the class definition on several grounds. First, defendants argue that plaintiffs have unreasonably delayed in seeking the current amendment, and they emphasize that plaintiffs have long known through discovery that TransCor transported juveniles and state hospital inmates. However, delay alone is not a basis for denying leave to amend. See *Owens v. Kaiser Foundation Health Plan Inc.*, 244 F.3d 708, 712-713 (9th Cir. 2001) ("Assuming arguendo that Kaiser had unreasonably delayed the filing of the motion to amend its answer, undue delay by itself is insufficient to justify denying a motion to amend.") (internal citation and quotation omitted). Moreover,

while defendants assert that the delay is unjustified, there is no suggestion of bad faith on the part of plaintiffs.

Defendants also contend that the revised class definition will cause them prejudice because discovery has been limited to the class period alleged in the complaint – February 14, 2006 to February 14, 2008 – and extending the class period may require that eight witnesses will have to be re-deposed to ascertain if TransCor's policies and procedures were different prior to February 14, 2006. Defendants also assert that they will be required to "scour" through literally thousands of pages of documents a second time if the class period is expanded. However, as plaintiffs note, defendants have not offered any evidence in support of their speculation that the witnesses identified by defendants – all of whom are TransCor employees – would need to be re-deposed. Plaintiffs argue that if any witness needs to be re-deposed, that burden falls on plaintiffs, not defendants. Moreover, plaintiffs state that they believe there will be little if any additional discovery required. Plaintiffs have submitted the deposition testimony of Sondra Pedrigo, who was designated by defendants as the "person most knowledgeable about any and all policies and procedures of TransCor relating to transportation of prisoners," "the nutrition provided to prisoners during transportation," "prisoner complaints," etc., and who has worked for TransCor for eleven years. *See* Snell Reply Decl. Ex. A. During her testimony, Ms. Pedrigo testified about certain practices that have been in place since at least 2001 (such as use of black boxes over handcuffs), and she gave no indication that TransCor's policies and practices had changed in material ways over the years. If, in fact, there are material differences pre- and post- February 2006 with regard to TransCor's policies and procedures, defendants can easily ascertain that fact because Ms. Pedrigo is a TransCor employee. With regard to document discovery, plaintiffs state that in August 2008, plaintiffs requested transport records from TransCor's computer system dating back to February 2004, and that plaintiffs do not anticipate requiring any discovery other than that already served or noticed prior to filing the class certification motion.

Defendants also argue that the proposed amendment would be futile because the additional class members will be difficult to identify, and individual tolling-issue inquiries will predominate over common questions. However, as defendants recognize in their opposition, those are questions for class certification, and the Court finds it premature to resolve those questions at this stage. Defendants may

8

renew those arguments in opposition to class certification.

Finally, the parties dispute whether the proposed amended class definition should relate back to the original complaint. Defendants argue that the amendment should not relate back because the claims of the additional class members arise out of different transports in a different time period. Defendants also assert that the original complaint only gave them notice that plaintiffs were challenging TransCor's policies and procedures from February 2006 to February 2008. These arguments are not persuasive. While the additional class members' claims would arise from an earlier time period, the claims are substantively similar to those of the existing putative class, and defendants have not identified any meaningful difference between the pre- and post- February 2006 class members. See *Immigrant Assistance Project of the Los Angeles County Federation of Labor v. INS*, 306 F.3d 842, 858 (9th Cir. 2002) (addition of new plaintiffs who were similarly situated to original plaintiffs did not prejudice defendants, claims related back). In addition, since the filing of the FAC in August 2008, defendants have been aware that plaintiff Tellez's claims arose in August 2005, prior to the asserted class period. *See* FAC ¶¶ 30-34 (alleging that Tellez was incarcerated at Federal Penitentiary in Atwater, California, and that transports occurred in August 2005 and February 2006).

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to transfer venue and GRANTS plaintiffs' motion to file a second amended complaint. (Docket Nos. 69, 70). Plaintiff shall file an amended complaint no later than **October 19, 2009**

**IT IS SO ORDERED.**

Dated: October 14, 2009

SUSAN ILLSTON
United States District Judge

9