IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. SCHILLING, on behalf of himself and all others similarly situated,

        Plaintiff,

  v.

TRANSCOR AMERICA, LLC, *et al.*,

        Defendants.
                                          /

No. C 08-941 SI

**ORDER DENYING MOTION FOR CLARIFICATION AND CLASS DECERTIFICATION**

Currently before the Court is defendants' motion for clarification regarding the Court's February 16, 2010 class certification order and for decertification. Having considered the arguments of the parties and the papers submitted, the Court DENIES defendants' motion.

In the Court's February 2010 order, the Court certified the following classes:

    1.    A class of all pretrial detainees and prisoners who were transported by TransCor America LLC, its agents and/or employees between February 14, 2006 and the present, and who were forced to remain in restraints in the transport vehicle for more than 24 hours without being allowed to sleep overnight in a bed. The class includes pretrial detainees and prisoners who were removed from one transport vehicle and placed directly onto another, without being housed overnight, whose combined trip lasted more than 24 hours. The class only includes those pretrial detainees and prisoners who were transported by TransCor on behalf of a state agency, and does not include pretrial detainees and prisoners who were transported on behalf of a federal agency.

    2.    A subclass of all pretrial detainees and prisoners who were transported by TransCor America LLC, its agents and/or employees in the State of California between February 14, 2006 and the present, and who were forced to remain in restraints in the transport vehicle for more than 24 hours without being allowed to sleep overnight in a bed. The class includes pretrial detainees and prisoners who were removed from one transport vehicle and placed directly onto another, without being housed overnight, whose combined trip lasted more than 24 hours. The class only includes those pretrial detainees and prisoners who were transported by TransCor on behalf of a state agency, and does not include pretrial detainees and prisoners who were transported on behalf of a federal agency.

Class Certification Order Docket No. 110 at 18-19.

Defendants argue the Court's class certification order is unclear as to what "claims" these classes are entitled to try on a classwide basis, noting that plaintiffs allege violations of the Fourth, Eight and Fourteenth Amendments based on the various conditions of their confinement during transport in addition to the restraints and lack of rest overnight mentioned in the class definition, including access to food and sanitation facilities. Finding some ambiguity in the Court's order, the Court hereby clarifies that the claims the Court certified for class treatment are: plaintiffs' Fourth, Eighth and Fourteenth Amendment claims regarding the use of restraints, lack of overnight rest, lack of access to sanitation facilities and inadequate provision of food during transportation. The Court found, and still finds, that these claims and issues are appropriate for class treatment because they arise directly from defendants' admitted policies and practices and the design of the transport vehicles used by defendants.[1]

Defendant also moves to decertify the classes, arguing that under the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), Rule 23 commonality cannot be established here because of the individualized issues regarding each prisoner's experience in his or her transport. Defendants point, for example, to whether a particular prisoner was able to convince a guard to loosen his or her restraints or whether a particular prisoner was able to sleep restrained and sitting upright. The Court finds that *Wal-Mart* does not undermine the propriety of class certification here because the claims, as noted above, are the direct result of defendants' admitted policies and practices and the design of the transport vehicles. Defendants also argue that decertification is required under the Ninth Circuit decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) and the district court's decision *Williams v. Veolia Transp. Servs.*, 2009 U.S. Dist. LEXIS 123600 (C.D. Cal. Mar. 20, 2009), affirmed by 2010 U.S. App. LEXIS 9939 (9th Cir. Cal., May 14, 2010), both of which found class

---

[1] The question of whether or not the particular conditions complained of can support the constitutional violations alleged – *e.g.*, the provision of fast food which, according to defendant's evidence, some inmates preferred over the food provided in jail or prison – is better determined on a motion for summary judgment or at trial. Similarly, if approaching trial plaintiffs have not developed a trial plan demonstrating that damages issues can be efficiently managed, defendant may renew their motion for decertification of the damage portions of the Section 1983 claims alleged. *See, e.g., Thomas v. Baca*, 2012 U.S. Dist. LEXIS 39287 (C.D. Cal. Mar. 22, 2012) (decertifying Section 1983 damages claim due to manageability and ascertainability issues).

certification inappropriate because the class claims were not predominant.[2] Here, however, the constitutionality of defendants' express policies regarding restraints and lack of rest overnight, and alleged failure to enact constitutionally sufficient policies with respect to access to sanitation facilities and adequate food, predominate over individualized issues.[3]

For the foregoing reasons, defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2012

SUSAN ILLSTON
United States District Judge

---

[2] In *Mazza*, the Ninth Circuit reversed class certification finding that the small scale of an advertising campaign could not support a presumption of class-wide reliance under California's Unfair Competition Law. In *Williams*, the Court found that missed rest period claims on behalf of drivers were not predominant where the drivers provided transportation services from 21 different facilities throughout California, working under 18 separate service contracts, each with its own set of policies and procedures specifically tailored to the type and length of transportation provided.

[3] As noted above, if plaintiffs fail to provide an adequate trial plan for determining individual damages, the Court may revisit the issue of decertification of some or all of the damages claims alleged.