IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN M. SCHILLING, JOHN PINEDA, WILLIAM TELEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCOR AMERICA, LLC, *et al.*,<br><br>Defendants. | No. C 08-941 SI<br><br>**ORDER ON PLAINTIFFS' MOTION TO AMEND** |

Currently before the Court is plaintiffs' motion to amend. That motion is currently scheduled for hearing on October 12, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiffs' motion.

On August 8, 2012, the Court granted defendants' motion for partial summary judgment as to the class claims asserted in this case.[1] In that Order, the Court found that as a matter of law, the

---

[1] In February, 2010, on plaintiffs' motion, the Court certified the following classes:

1. A class of all pretrial detainees and prisoners who were transported by TransCor America LLC, its agents and/or employees between February 14, 2006 and the present, and who were forced to remain in restraints in the transport vehicle for more than 24 hours without being allowed to sleep overnight in a bed. The class includes pretrial detainees and prisoners who were removed from one transport vehicle and placed directly onto another, without being housed overnight, whose combined trip lasted more than 24 hours. The class only includes those pretrial detainees and prisoners who were transported by TransCor on behalf of a state agency, and does not include pretrial detainees and prisoners who were transported on behalf of a federal agency.

2. A subclass of all pretrial detainees and prisoners who were transported by TransCor America LLC, its agents and/or employees in the State of California between February 14, 2006

conditions of confinement challenged by plaintiffs – in the context of transportation of prisoners, over a period of 24 hours or more – did not, on a class-wide basis and without more, constitute unconstitutional deprivations under the Eighth or Fourteenth Amendments. Docket No. 205 at 15.

A month later, plaintiffs moved to amend/correct the Court's February 16, 2010 class certification order pursuant to Federal Rule of Civil Procedure 23(c)(1)(C). Plaintiffs ask the Court to certify subclasses of plaintiffs "based on the number of days an inmate was continuously transported" by defendants and to add four subclass representatives.[2] Defendants oppose that motion, arguing that plaintiffs should not – after having summary judgment denied based on the class definition they proposed – get a second bite at the apple. Defendants argue that allowing amendment would severely prejudice defendants.

The Court has considered the parties' arguments and DENIES plaintiffs' motion. As an initial matter, the Court is not convinced that the motion to amend should be considered pursuant to Rule 23. While Rule 23 provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment," the 2003 Advisory Committee notes suggest that the Committee's concern in removing "decision on the merits" and substituting "before final judgment" was to allow district courts flexibility to amend class definitions following a determination of liability.[3] Here, there was a determination of *no liability* for the class as defined by the Court on plaintiffs' request. While

---

and the present, and who were forced to remain in restraints in the transport vehicle for more than 24 hours without being allowed to sleep overnight in a bed. The class includes pretrial detainees and prisoners who were removed from one transport vehicle and placed directly onto another, without being housed overnight, whose combined trip lasted more than 24 hours. The class only includes those pretrial detainees and prisoners who were transported by TransCor on behalf of a state agency, and does not include pretrial detainees and prisoners who were transported on behalf of a federal agency.

February 16, 2010 Order [Docket No. 110] at 18-19.

[2] Plaintiffs did not provide the Court with exact descriptions of their proposed subclasses. In the motion, plaintiffs propose subclasses for class members who were "on a vehicle in restraints for two, three, four and more than four days." Motion at 6. In Reply, plaintiffs describe their proposed subclasses as follows: "inmates who were transported for more than one, two, three and four consecutive days." Reply at 14.

[3] *See* 2003 Advisory Committee Notes ("The authority to amend an order under Rule 23(c)(1) before final judgment does not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23. A determination of liability after certification, however, may show a need to amend the class definition. Decertification may be warranted after further proceedings."

plaintiffs cite a number of cases in support of their request to amend under Rule 23, none of those cases addresses the situation at issue here: where the district court had granted defendants' motion for summary judgment on plaintiffs' class claims, and that decision had not been reversed by the appellate court.

The Court recognizes its responsibility to continually review the appropriateness of a certified class in light of developments subsequent to class certification. Here, however, the only relevant development was the Court's determination that plaintiffs could not demonstrate a constitutional violation on their claims as a class-wide matter. This was not a situation where the evidence or facts adduced as the litigation progressed demonstrated that the class certified was in need of redefinition or decertification. *But see Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("The definition of a class is reviewable only for abuse of discretion. Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the *evidentiary development* of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion *to facts*.") (emphasis added). The Court notes that plaintiffs wholly failed to argue or provide evidence on either their motion or defendants' motion for summary judgment, that subclass differentiation might be appropriate. For example, plaintiffs' experts stated only that the conditions challenged by plaintiffs violated each class members' rights at the 24 hours plus one minute period. There was no evidence or expert opinion that the Court could rely on to, for example, find that a constitutional violation had been demonstrated for class members who were subject to the complained of conditions for other periods of time, such as two or more days.

In their Reply, plaintiffs contend that amendment is also appropriate under Rule 15(a). In determining whether to grant leave to amend under Rule 15(a), the Court should consider various factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The "consideration of prejudice to the opposing party," however, carries the greatest weight. *Id.* Moreover, it is important to recognize that summary judgment has been entered against plaintiffs on their class claims. As the Ninth Circuit has recognized, in a case relied

heavily on by plaintiffs:

> '[A] court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered . . . .' C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2712 (2d ed. 1983). We note that
>
>> much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

*Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469-70 (5th Cir. 1967).[4]

The potential need to distinguish among subclasses should have been clear since the inception of this case. The fact that the impact of the conditions-of-confinement complained of changes over time is obvious; this is likely why plaintiffs suggested a class consisting of inmates subjected to these conditions for 24 hours, and not, for example, 18 or 20 hours. As defendants point out, plaintiffs have had discovery in their possession since 2009 showing the duration of the trips for each class member. Plaintiffs made a strategic decision to seek class-wide relief for one class of all inmates transported for 24 hours or more. The Court is wary of allowing amendment at this juncture simply because plaintiffs' strategy did not work.

More importantly, the Court finds that defendant will suffer prejudice if the Court were allow plaintiffs to amend the class definition and add four new subclass representatives. Defendants would need to redepose all the individual plaintiffs previously deposed, to delve into how the length of their various transports impacted them and whether a serious deprivation of a basic life necessity occurred at a particular point during each of their transports. Moreover, expert disclosures and reports occurred on April 6, 2012 and rebuttal reports were disclosed May 4, 2012. If amendment were allowed, the

---

[4] In *Nguyen*, because the district court did not follow the Ninth Circuit's initial mandate directing entry of summary judgment for defendants – but instead allowed plaintiffs to amend – the Ninth Circuit remanded the case to district court for a second time, directing that summary judgment be entered for defendant and directing the district court to "reconsider" its prior order granting plaintiffs leave to amend.

4

1 parties would have to amend their expert reports, if not the designations of experts themselves.[5]
2 Plaintiffs, in particular, would have to secure new or additional expert opinions on when the conditions
3 complained of amount – over the course of time – to unconstitutional deprivations, since those opinions
4 were missing from plaintiffs' motion for partial summary judgment and opposition to defendants'
5 motion for partial summary judgment.

In these circumstances, in litigation that has been pending since 2008 and is just over four months from trial, it is not appropriate to allow further amendment. For the foregoing reasons, the Court hereby DENIES plaintiffs' motion to amend.[6]

**IT IS SO ORDERED.**

Dated: October 11, 2012

SUSAN ILLSTON
United States District Judge

---

[5] While the parties agreed to extend the deadline to depose the parties' experts until 60 days before trial, that does not obviate the need to prepare new opinions and reports addressing how the length of time inmates are subject to the challenged conditions impacts those inmates.

[6] Defendants have admitted that the claims of individuals who were continuously transported for more than 24 hours and one minute survive the Court's motion for summary judgment. *See* Defendants' Opposition at 14, n. 9. Those individuals, therefore, are presumably free to file an action on their own behalf or on behalf of a class of those similarly situated.

5